## MURPHY v. KRON.

*Supreme Court, Fifth Department, General Term,* 1887.

1. *False imprisonment ; warrant.*] Arrest at night on a warrant for misdemeanor upon which a direction for such arrest is not en-- dorsed by the magistrate, is a false imprisonment.
2. *Trial, admission in answer.*] It is not error to refuse to dismiss the complaint at the trial on the ground that there is no evidence on which the jury can find a verdict as to a material fact, if such fact is admitted in the answer.
3. *The same ; separate defenses.*] The rule that in an action for tort the jury may find against one defendant and in favor of another, does not apply where such defendants answer jointly, making an admission which supplies the lack of evidence.
4. *False imprisonment.*] An arrest illegally made for a cause specified in an insufficient warrant cannot, in an action for damages therefor, be justified, as an arrest for a different offence, such as reckless discharge of firearms in resisting an officer.

Appeal by the defendant from a judgment for the plain-- tiff after trial at circuit, and from an order denying a new trial.

Elmer Murphy sued George H. Kron and one Bletzer, for assault and battery and false imprisonment under the following circumstances.

The defendants were police officers of the city of Roch-

---

* In Avery *v.* Blair (*Court of Appeals,* 1887), 105 *N. Y.* 669, it was held (adopting the dissenting opinion of FOLLETT, J., and reversing 21 *Weekly Dig.* 178) that in an action for malicious prosecution in appear-- ing before the grand jury and causing an indictment to be found against the plaintiff, after the fact that defendant had testified before the grand jury had been shown by plaintiff, it was error to exclude defendant's offer to show what he said and did before them; for such evidence of his act went to the very gist of the action.

It was competent for him to show that he testified to plaintiff's own version of the transaction, not only because this went to the founda-- tion of the action, but also because it bore on the question of malice.

ester.   On Dec. 3, 1885, a warrant was issued by the police justice of that city, to arrest plaintiff on a charge of larceny, to wit : the stealing of a dog of the value of ten dollars, the property of John Heman.   The warrant was handed to the defendant Kron, who took the defendant Bletzer with him, and about three o'clock next morning, went to the plaintiff's residence, in that city, and rapped on the outer door of the house.   After some time the door was opened and the defendants entered, arrested the plaintiff, and took him to the police station.   No authority to arrest in the night-time was endorsed upon the warrant.

Plaintiff brought this action against them for false imprisonment.   They served a joint answer, the material parts of which appear in the opinion.

On the trial, plaintiff testified that both of the defendants put their hands upon him to get him out of the house and through the gate.   This testimony was, however, controverted.

Plaintiff having recovered, and a new trial having been denied, defendant appealed to the supreme court.

By the Court.*—HAIGHT, J.—Section 170 of the Code of Criminal Procedure provides that :   " If   the crime charged be a felony, the arrest may be made on any day and at any time of the day or during any night.   If it be a misdemeanor, the arrest cannot be made on Sunday or at night unless by direction of the magistrate endorsed upon the warrant."   It follows that the defendants were not justified in making the arrest at the time that they did, and that the court properly charged that there was a false imprisonment as soon as the defendants took the plaintiff into custody.

It is contended that the complaint should have been dismissed as against the defendant Bletzer, on the ground that there is no evidence on which the jury could find a

---

* Present, SMITH, P. J., and HAIGHT and BRADLEY, JJ.

verdict against him, and that the court erred in refusing such motion. If, however, the testimony of the plaintiff is to be believed, Bletzer was present in the house aiding and assisting the defendant Kron in making the arrest, even to the extent of putting his hands upon the plaintiff and holding him by the shoulder whilst walking down the street as far as the bridge.

But, again, he admitted in his answer that he made the arrest. The defendants united in their answer, and as to the complaint for false imprisonment, they denied each and every allegation, " except as hereinafter expressly and specifically admitted or alleged." They then proceeded to allege that the warrant was issued by the police justice and delivered to the defendants. That the defendants thereupon proceeded to the house of the plaintiff, in the city of Rochester, and found the outer door of the house locked; that the defendants rapped upon the door; that the defendants informed the plaintiff that they were police officers and had a warrant for his arrest. Again, the defendants further allege, that they thereupon arrested the plaintiff and took him to the police office. It is a familiar rule that a party is bound by his pleading, and under this answer the defendant Bletzer not only admits, but alleges, that the arrest was made by him.

It is contended that the court erred in refusing to dismiss the complaint as to the allegation of an assault and battery. As we have already stated, the evidence upon this branch of the case was conflicting, and it consequently became a question for the jury under proper instructions.

The court was also asked to instruct the jury that it may find against one defendant and in favor of the other if the evidence warrants it. This was declined and exception taken. This request would have been proper had it not been for the joint answer of the defendants in which they both admit and allege that the arrest was made by them. In view of the answer the request was properly denied.

It also appeared in the evidence that after the defendants

had rapped upon the door of the plaintiff's house, some conversation took place between the plaintiff and the defendants in which they demanded admittance, stating that they were officers; that thereupon the plaintiff fired off a revolver in the house. The defendants requested the court to charge that if the plaintiff aimed or discharged the pistol at or toward any human being, that that constituted a crime, and for that the defendants were justified in arresting him, and also that if the plaintiff wilfully discharged any kind of a firearm in any place where any person was put in danger thereby, even though no injury did ensue to any person, if it was committed in the presence of the defendants, they were justified in arresting him. These requests were refused and exception taken. Had the defendants arrested the plaintiff for firing off the pistol, it is possible that the defendants would have been entitled to this charge; but it appears that after they entered the house they arrested the plaintiff upon the warrant. It further appears, that after they had taken him to the station-house the warrant was returned, endorsed thereon that he had been arrested "By virtue of the within warrant," and that no complaint was made against him of any other crime. We are consequently of the opinion that the requests were properly denied.

Upon the trial it appeared that the plaintiff was discharged by the magistrate, and was again, subsequently, arrested upon another warrant, issued upon the complaint of Mr. Heman for the same offence. Upon the cross-examination the plaintiff was asked, "if he paid Heman anything to settle the matter of the stealing of the dog."

This was objected to and an exception taken. If he was under arrest and had settled the matter, it is claimed that it would amount to an admission that he was guilty of some offence, and the evidence would consequently have been proper as bearing upon his credibility. This, however, would not amount to a defence, for under the conceded facts in the case, the arrest was made in the night-time, by virtue of a warrant that did not authorize an arrest at that time.

The evidence, consequently, would not change the result, and we are of the opinion that the error, if any, may be disregarded.

The judgment and order should be affirmed.