HARRY V. SNEAD, Respondent, v. MAURICE BONNOIL,
Appellant.

FALSE IMPRISONMENT — ILLEGAL ARREST FOR FELONY CANNOT BE
JUSTIFIED BY SUBSEQUENT CONVICTION FOR MISDEMEANOR.  An action
for false imprisonment will lie against a peace officer who, without a
warrant and without reasonable cause for its having been made, arrests a
person for a felony who was not guilty thereof, and who was detained in
prison upon such charge; and that he was rearraigned and convicted of a
misdemeanor in carrying a concealed weapon, which fact was unknown
to the officer at the time the arrest was made, is no defense to the
action.

Snead v. Bonnoil, 49 App. Div. 330, affirmed.

(Argued February 13, 1901 ; decided March 26, 1901.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered March
26, 1900, affirming a judgment in favor of plaintiff entered
upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion        ·

*John Whalen, Corporation Counsel* (*William B. Crowell*
of counsel), for appellant.  To recover in an action for false
imprisonment the plaintiff must show an illegal detention of
his person.  (*Burns* v. *Erben*, 40 N. Y. 463 ; Addison on
Torts [7th ed.], 146.)  The affirmance of the judgment and
order denying the motion for a new trial was by a divided
Appellate Division ; therefore, the record is open for examina-
tion by this court.  (*Ostrom* v. *Greene*, 161 N. Y. 353 ;
*Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351.)  The record does
not show an unlawful detention of the plaintiff.  (*Pratt* v.
*Hill*, 16 Barb. 303 ; *Matter of Washburn*, 4 Johns. Ch. 105 ;
*Hallock* v. *Dominy*, 69 N. Y. 238 ; *Robbins* v. *Robbins*, 133
N. Y. 597 ; *Cuniff* v. *Beecher*, 84 Hun, 137 ; *Jones* v.
*Foster*, 43 App. Div. 33 ; *Hopner* v. *McGowan*, 116 N. Y.
405 ; *Murphy* v. *Kron*, 20 Abb. [N. C. ] 259.)

*Robert L. Harrison* and *Robert W. B. Elliott* for respondent. The Court of Appeals is limited to a review of questions of law. The verdict of the jury and the affirmance by the Appellate Division is conclusive as to the facts in the case, for there is evidence which, according to a reasonable view, would sustain the verdict of the jury. (*Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351; *Newman* v. *N. Y., L. E. & W. R. R. Co.*, 54 Hun, 335.) The arrest of and detention of a person without a warrant by a peace officer for a felony cannot be justified on the ground that at the time of the arrest the person so arrested was, unknown to the officer arresting him, guilty of the violation of a municipal ordinance. (Bacon's Abridgment, Trespass, D, 3; *Cobbet* v. *Grey*, 4 Exch. 729; *Hennessy* v. *Connoly*, 13 Hun, 173; *Griffin* v. *Coleman*, 4 H. & N. 265; *Butolph* v. *Blust*, 5 Lans. 84; *Jackson* v. *Knowlton*, 53 N. E. Rep. 134; Clerke & Lindsell Law of Torts [2d ed.], 169; *Bowditch* v. *Balchin*, 5 Exch. 380; *Matthews* v. *Biddulph*, 3 McG. 395; *Fox* v. *Gaunt*, 3 B. & Ad. 798; *Mandeville* v. *Guernsey*, 51 Barb. 99; *Barrett* v. *Price*, 9 Bing. 570.) By reason of the brutal treatment of the plaintiff by the defendant, his failure to take him before a magistrate without unnecessary delay and charge him with the offense for which he was arrested, and by generally exceeding the authority conferred upon him by the law, he became a trespasser *ab initio*. (*Wall* v. *McNamara*, 1 T. R. 536; *Doyle* v. *Russell*, 30 Barb. 300; *Six Carpenters' Case*, 8 Coke, 146a; *Brock* v. *Stimson*, 108 Mass. 520; *Phillips* v. *Fadden*, 125 Mass. 198; *Tubbs* v. *Tukey*, 3 Cush. 438.)

GRAY, J. This is an action for false imprisonment, wherein the plaintiff has recovered judgment upon a verdict of $500.00; which has been affirmed at the Appellate Division. It appears that two police officers, of whom the defendant was one, without a warrant, arrested the plaintiff upon the suspicion that he was engaged in the commission of a felony. According to the plaintiff's evidence, it occurred in this wise. On the 8th of November, 1893, he took, in a satchel, some articles of silver

and jewelry, which were rightfully in his possession, to a pawn shop and asked for a loan of money. Not obtaining upon them as much as he had asked, he left the shop and with his articles was returning to his home, when the police officers came up behind him and touched him on the shoulder; saying, " what have you got in that bag ? " The plaintiff turned, saw two men, who were strangers to him, and replied, "none of your business; take your hand off from my shoulder." The defendant then said, " we are officers and you are under arrest." The plaintiff asked " what for ? " It was replied, " well, we want to know what you have got in that bag." The plaintiff asked .them to show their authority for arresting him and offered to take them to his house and to prove to them that the property in the bag belonged to him. The men refused, with abusive language and treatment, handcuffed him and took him to police headquarters. He was locked up for the night and, on the morning of November 9th, was arraigned by the officers before a magistrate upon the charge of being a " suspicious person." At their request, he was remanded until the following morning of November 10th; when he was rearraigned upon a charge of carrying concealed weapons, in violation of a corporation ordinance. In fact, he had carried a pistol which was taken from his pocket and upon this latter charge he was, subsequently, convicted and punished. / There was some conflict in the evidence given by the plaintiff and by the defendant as to the occurrences; but the jury believed the former's version, as their verdict proved.

The verdict was rendered upon sufficient evidence and, necessarily, established the facts that the defendant had arrested the plaintiff; that the arrest was for a felony and not for a misdemeanor, in the violation of a municipal ordinance, and that the defendant did not have reasonable cause for believing that the plaintiff had committed a felony. The affirmance by the Appellate Division of the judgment entered upon this verdict, although by a court divided in opinion, concludes us as to these facts and the only question of law for our consideration is whether, as established, there had been

that illegal detention of the plaintiff's person which made out a case of false imprisonment.

False imprisonment has been well defined to be a trespass committed by one man against the person of another, by unlawfully arresting him and detaining him without any legal authority. (Addison on Torts, p. 552.) Where the detention is illegal the action will lie, without regard to the innocence of the defendant in his intentions. It is an important principle of our political institutions that every person is entitled to immunity from arrest except by authority and for cause. A peace officer may, without a warrant, arrest a person whenever a crime is committed, or attempted, in his presence; when the person arrested has committed a felony, although not in his presence; or where he has reasonable cause for believing the person arrested to have committed a felony. (Code Crim. Pro. sec. 177.) If the arrest was lacking in these elements of authority to make it, then there has been an unlawful detention of the person arrested and, upon his bringing his action and showing the false imprisonment, the burden of justification is upon the defendant. (2 Bishop Crim. Proc. § 368.) This arrest having been made without a warrant, it was a question of fact upon the evidence for the jury to decide whether there was reason for defendant's belief that a felony had been committed. The verdict established that the defendant did not have reasonable cause for believing that the plaintiff had committed a felony. The situation was, therefore, that the plaintiff had been placed under an arrest, without reasonable cause for its having been made; that he was detained in prison for a period of time after his arraignment upon the charge and was, subsequently, rearraigned and held for trial upon another charge of having committed a misdemeanor. The fact, however, that at the time of the arrest the plaintiff may have been, although unknown to the defendant, guilty of a misdemeanor is no justification for the trespass, as it is contended. In the first place, if the plaintiff was not placed under arrest for a misdemeanor, then he was illegally imprisoned from Novem-

ber 9th to November 10th. During that period he was falsely imprisoned on a charge for which there was, as it has been found, no reasonable cause. In the next place, the illegality of the arrest was not, and could not be, cured by the subsequent charge of having committed a misdemeanor, for which a conviction was eventually had. It is not a matter of technicalities, but of substance. If a person is arrested for a misdemeanor, his admission to bail before conviction is a matter of right; while, where the arrest is for felony, it is a matter of discretion. (Code Crim. Pro. sec. 553.) The plaintiff was not only detained in prison upon an unfounded charge; but he was deprived of the right of claiming his immediate admission to bail.

The procedure in this case was without warrant in the law. It would not do to hold that the illegality of a person's arrest upon an unfounded charge could be cured by the subsequent charge and conviction for another offense. The principle is similar to that of the statement in *Mandeville* v. *Guernsey* (51 Barb. 99), that the law will not permit a wrong to be perpetrated for the purpose of executing process, or the use of process for the purpose of continuing an imprisonment commenced without authority. And in *Murphy* v. *Kron*, (20 Abb. N. C. 259), it was held by the General Term of the Supreme Court, in the fifth department, that an illegal arrest cannot be justified as an arrest for a different offense.

I think the judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.