MacDONNELL v. McCONVILLE.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. FALSE IMPRISONMENT (§ 7*)—ILLEGALITY OF ARREST.

Under Code Cr. Proc. §§ 168. 170, 177, authorizing a peace officer to arrest without a warrant for a crime committed in his presence, or for a felony, though not committed in his presence, declaring that an arrest for a misdemeanor cannot be made at night unless by direction of the magistrate indorsed on the warrant, a peace officer may not arrest at night one charged with committing a misdemeanor charged in a warrant issued by a court of a sister state, and if accused had committed the crime charged, and was a fugitive from justice, sections 827 and 828, governing requisition, control, and the arrest under such warrant was illegal and the person charged may sue for false arrest.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–61, 79; Dec. Dig. § 7.*]

2. FALSE IMPRISONMENT (§ 10*)—JUSTIFICATION.

Where an officer made an arrest under a warrant issued in a sister state for an offense constituting a misdemeanor in the sister state and in New York, the officer, when sued for false arrest, could not justify it on another ground and on the existence of a fact of which he had no knowledge at the time of the arrest.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 10.*]

3. FALSE IMPRISONMENT (§ 20*)—EVIDENCE—MITIGATION OF DAMAGES—PLEADINGS.

In an action for false arrest, an answer alleging that the officer acted under a warrant issued by a court of a sister state, and that his acts were performed in good faith without malice, does not justify evidence of another ground for the arrest based on facts of which the officer had no knowledge at the time to mitigate the damages.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 20.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Allan C. MacDonnell against Bernard McConville. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Harry Crone, for appellant.

John Thomas Smith, for respondent.

McLAUGHLIN, J.   This action was brought to recover damages for malicious prosecution and false arrest. At the trial the complaint was dismissed, so far as a recovery was sought for malicious prosecution, and submitted to the jury to determine the damages sustained by the plaintiff for the arrest. The plaintiff had a verdict for $2,000, which was reduced to $1,000, and from a judgment entered thereon this appeal is taken, as well as from an order denying a motion for a new trial.

The material facts involved are not disputed, and are as follows: On November 30, 1908, between 12 and 1 o'clock at night, the plaintiff was arrested as he was entering his rooms at 146 West Ninety-Fourth street, in the city of New York, by the defendant and another, both of whom were members of the police force of such city. The arrest was made under a warrant dated November 20, 1908, issued by an alderman of Wilkesbarre, Pa., directed to a constable in Luzerne county, in that state, commanding him to arrest the plaintiff and certain other persons named, and bring them before the officer issuing the warrant to answer the charge of "unlawfully, willfully, falsely, and maliciously" conspiring to cheat and defraud the Howell & Kings Company out of $1,800. The defendant and his associate also had another warrant issued by the same officer in Pennsylvania of precisely the same effect, except that it charged the plaintiff and other persons named with conspiring to cheat and defraud the Jeansville Iron Works out of $1,050. When the plaintiff was arrested, the defendant informed him that he and his associate were police officers, gave their names, and then stated "that we had a warrant for his arrest from the city of Wilkesbarre, and it would be necessary for him to accompany us to headquarters." Plaintiff was thereupon taken to police headquarters, put in a cell with other prisoners, where he remained until the next morning, when he was measured, photographed, and then taken before a magistrate, the defendant having, in the meantime, presented to the clerk of the court the warrants and made an affidavit to the effect that the plaintiff, as he believed, was a fugitive from justice, and was wanted in the state of Pennsylvania to answer the charge of having committed the crime of grand larceny, and he asked that the plaintiff be held a reasonable time, to the end that the necessary papers might be produced from the authorities of that state. Thereupon plaintiff was committed to the Tombs, without bail. A few hours later, however, his counsel procured bail to be fixed, and about 3 o'clock in the afternoon of that day he was released upon giving such bail. Shortly after his release he went to Wilkesbarre, Pa., saw the

district attorney, and offered to surrender himself in answer to the charge made against him. The district attorney stated he did not care to proceed against the plaintiff; that he was after a man by the name of Myers; that the plaintiff's arrest was a mistake; and that the New York authorities had never been requested to arrest any one except Myers. Upon motion of the district attorney of Luzerne county, Pa., the proceedings under the warrants issued in that state against the plaintiff were dismissed, that fact communicated to the district attorney of New York county, and the plaintiff was thereupon discharged.

During the course of the trial it was conceded by the defendant's counsel that the charge made against the plaintiff in the state of Pennsylvania was a misdemeanor under the laws of that state, and also under the laws of the state of New York, and the court so charged in submitting the case to the jury, to which no exception was taken. This fact having been conceded, and the arrest having been made without a warrant, there was nothing left for the jury, as it seems to me, except a question of damages, and this the court charged, to which no exception was taken.

[1] The crime charged in the warrant under our statute is a misdemeanor. Section 580, Penal Law (Consol. Laws 1909, c. 40). The concession established at least for the purposes of the trial that such crime was only a misdemeanor under the laws of Pennsylvania. The defendant was a peace officer, and as such had the right to make an arrest. Section 168, Code of Criminal Procedure. But he could only arrest without a warrant for a crime committed, or attempted, in his presence, or when the person arrested had committed a felony, or a felony had in fact been committed, and there was reasonable cause for believing the person arrested had committed it. Id. 177. And for a misdemeanor an arrest could not be made at night, even with a warrant, unless by direction of the magistrate indorsed upon it. Id. 170. Here no crime had been committed or attempted in the presence of the defendant and the one charged in the Pennsylvania warrant was by concession a misdemeanor. Therefore the defendant had no authority to arrest the plaintiff. If the plaintiff had committed the crime charged in the warrant, and had fled the jurisdiction of the state of Pennsylvania, then the proper authority had the right to request the Governor of this state to send him back for trial (section 827, Code of Criminal Procedure) and as a preliminary proceeding to the issuing of a requisition by the Governor of the state of Pennsylvania upon the Governor of this state for the arrest and return of the plaintiff, a magistrate could issue a warrant. Id. 828. But in that case the proceedings for his arrest and commitment are governed by section 829 of the Code of Criminal Procedure, which provides that they "are in all respects similar to those provided in this Code for the arrest and commitment of a person charged with a public offense committed in this state" except that an exemplified copy of certain papers may be received in evidence before the magistrate.

[2] Counsel for the defendant at the trial seems to have appreciated the fact that, it being conceded that the crime charged in the

warrant issued by the Pennsylvania authorities was only a misdemeanor in that state, as well as this, there was no justification for the arrest, and he then sought to escape the force of such proof by showing that a felony had in fact been committed in the state of Pennsylvania, and there were reasonable grounds for believing the plaintiff had committed it. This proof was rejected, and I think properly. The arrest was not made upon that ground, but solely upon the warrants which had been issued in Pennsylvania. When the plaintiff was arrested, arraigned, and committed to the Tombs, the only justification claimed was that he had committed the crime charged in the warrants, and was a fugitive from justice. The arrest having been based solely upon the Pennsylvania warrants, defendant could not thereafter justify it upon some ground upon which the arrest was not made or upon the existence of a fact of which the officer, so far as appears, had no knowledge at the time he made it.

In Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899, it was held that an arrest upon the ground of the commission of one crime was not justified by the fact that the person arrested had committed another.

[3] Not only this, but such proof was inadmissible under the defendant's answer. The only defense set up was to the effect that the defendant acted under the warrant issued by the Pennsylvania authorities. There is not a single fact to the effect that the arrest was made because a felony had been committed in the state of Pennsylvania, and the defendant had reasonable grounds for believing that the plaintiff had committed it, and that the arrest was made on this ground. Nor was such proof admissible in mitigation of damages, because it was not pleaded. Bradner v. Faulkner, 93 N. Y. 515; Murphy v. Eidlitz, 121 App. Div. 224, 105 N. Y. Supp. 674. The only facts pleaded in mitigation are that:

"All of said acts in reference to said information and warrant were performed by him in good faith, without malice, and honestly and in good faith believing that the plaintiff was one of the persons mentioned and described in the aforesaid warrant and guilty of the offense therein charged, and was a fugitive from justice from said commonwealth of Pennsylvania."

I am of the opinion the judgment and order appealed from are right and should be affirmed, with costs. All concur.