. Richard S. Heller, J.
On August 3, 1956 at 3:40 a.m. claimant was driving a truck, owned by his employer, westerly on the New York State Thruway. Claimant had entered the Thruway east of Syracuse and when he was west of Syracuse en route to Rochester he was stopped by a State Trooper because his tail lights were out. After some discussion claimant was placed under arrest.
Claimant was taken before a Justice of the Peace and two informations were sworn to by the trooper — one for insufficient lights, the other for driving without a license. The arrest for driving without a license was made by the trooper even though the claimant was validly licensed as a chauffeur by the State of New York.
At the hearing claimant pleaded guilty and was sentenced to a fine of $10 or 10 days on the insufficient lights charge and was sentenced to 15 days in jail for driving without a license. Attempts to pay the $10 were refused.
On August 10, 1956 the Judge of Onondaga County granted a writ of habeas corpus and directed the release of the claimant on the charge of driving without a license. This determined the illegality of the imprisonment and such determination is binding on this court. (Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473.)
*110 The State contends that a valid arrest for the violation of the insufficient light infraction was the sole arrest and that the imprisonment of the claimant on another charge, after his illegal arrest on that charge, was just incidental.
The court is convinced that the trooper intended to jail this claimant if it was at all possible. Immediately after he had stopped claimant he wrote out a summons for the tail light infraction which is the ordinary procedure in traffic violations not involving a breach of the peace. Then, after questioning claimant concerning his license, he then and there revoked claimant’s license on his own initiative and arrested him for being an unlicensed driver. The trooper then requested by radio that the record of the claimant be checked for the sole purpose of finding out if “ the claimant had anything else against him”. The summons was torn up and the claimant was taken in the trooper’s car to the Justice of the Peace, but not before the trooper had stopped to inquire if any news had been received from Albany concerning a previous record of claimant.
Claimant was the boss of 150 migrant workers engaged in picking beans. He was married and the father of four children. His reputation was good and he had never been arrested. He had worked in New York State since 1948 during the summer months and at the time of his arrest it was his job to see that the 150 workers did their work. If he was not present, and for seven days he was illegally imprisoned, the work was slowed down due to the lack of his supervision and his earnings suffered.
The claimant was illegally arrested and illegally imprisoned and is entitled to an award for the damages sustained. (Snead v. Bonnoil, 166 N. Y. 325.) Claimant has lost earnings; he was required to have legal counsel to set aside his sentence and he has suffered shame, humiliation and loss of freedom.
Claimant is entitled to an award in the sum of $1,750 for all damages.
Findings of fact and conclusions of law submitted by the State have been marked by the court and are made a part of this decision.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.