Bussell Gr. Hunt, J.
This is an application by the State, pursuant to rule 106 of the Buies of Civil Practice, to dismiss the claim herein for failure to state facts sufficient to constitute a cause of action.
*590 The claim seeks to recover damages for alleged false imprisonment, and, it follows the claimant’s successful writ of error coram nobis in the Supreme Court, Rensselaer County wherein a prior judgment of conviction, following a plea of guilty to a felony indictment, was vacated. The history of the case is set forth in People v. Cole (6 A D 2d 725). Thereafter, and, upon the remission of the case to the Supreme Court, Rensselaer County, the claimant entered a plea of not guilty to the indictment, and, subsequently, on August 5, 1958, the District Attorney moved to dismiss the indictment, and, this was granted. There is no disclosure of the District Attorney’s grounds for the motion — presumably, the lapse of some 12 years was the obstacle to a successful prosecution. The memorandum decision of the Appellate Division of the Supreme Court, Third Department, finds that there was sufficient evidence before the G-rand Jury for claimant’s indictment and that the indictment was valid.
The writ was sustained in the appellate court upon the ground that the sentencing court failed to comply with section 308 of the Code of Criminal Procedure entitled: ‘ ‘ Defendant appearing for arraignment without counsel to be informed of his right to counsel ’ ’. It is because of the failure in this respect that damages are sought. No question is raised respecting the jurisdiction of the Supreme Court Justice over person and subject matter in the first instance, and, the validity of the process upon which the Warden at the State prison acted in restraining the claimant is not questioned. The theory upon which claimant proceeds is limited, therefore, to the proposition that the claimant’s imprisonment was consequent upon the failure of the sentencing court to perform the duty enjoined upon it by section 308 of the Code of Criminal Procedure, and, since the Supreme Court Justice who acted was a State officer (Public Officers Law, § 2), therefore, he was a State agent for whom the State has assumed responsibility for his errors and mistakes (Court of Claims Act, § 8).
The theory is not a valid one because ‘ ‘ the State is not liable for the errors of a judicial officer on the theory of respondeat superior or otherwise ” (Jameison v. State of New York, 7 A D 2d 944, 945; Farrell v. State of New York, 204 Misc. 148; Berger v. Village of Seneca Falls, 3 Misc 2d 647).
The motion is granted.
Submit order.