Dorothea E. Donaldson, J.
In this claim, timely filed and not submitted to any other tribunal for determination, claimant sought damages predicated upon allegations of false arrest and false imprisonment by the defendant, the State of New York.
The claim arose as a consequence of a warrant, dated October 20, 1962, issued by a Justice of the Peace. Claimant, in the *1017 scholastic year 1962-1963, was -a student at C. W. Post College in Brookville, Long Island. On September 30, 1962, while driving a motor vehicle owned by one Ruth Digney (at that time a friend of the claimant and later his wife), he received a ticket for speeding in violation of the Vehicle and Traffic Law, in Cobleskill, New York. He was taken by the arresting officer to the local Justice of the Peace, Fred W. Gengenbach, before whom he pled guilty and was fined $10 or 10 days in jail. Mr. Glynn did not have sufficient funds to pay the fine at that time and received permission to remit the amount of the fine by mail in a self-addressed envelope handed him by the Judge. The permission was granted upon claimant’s statement that a stay in jail would be detrimental to his college record.
Claimant failed to forward immediately the sum required, receiving two letter-communications from the Justice of the Peace, dated October 5 and November 5, 1962, reminding him of the same with the result that finally a check, dated November 5, 1962, was forwarded. The first communication contained an envelope addressed to the Magistrate. Claimant testified that he failed to make prompt remittance because he had mislaid the self-addressed envelopes.
The warrant for claimant’s arrest was issued by Judge Gengenbach on October 20,1962 when claimant failed to respond to his communication of October 5. The warrant and its duplicate original were forwarded to the State Police for execution. On November 9,1962, the Justice received a check, dated November 5, 1962, payable to “cash” and indorsed on the reverse side by Ruth Digney and claimant Stephen Glynn. It was several days before the Judge determined that the face amount of $10 should be credited to claimant’s account because his records revealed no matter involving Ruth Digney. In December, 1962, in accordance with the State law, this instrument was forwarded to the State Comptroller. However, Judge Gengenbach did not report payment of the fine to the State Police nor did he request the return of the issued warrant.
On January 17,1963, while claimant was taking a term examination at the C. W. Post College, at approximately 2:30 in the afternoon, he was identified by the Dean of Students of the College and introduced to a member of the State Police in plain clothes. Mr. Glynn was advised by the officer that he was under arrest for failing to pay the fine for a speeding ticket issued on September 30, 1962. Claimant protested that the fine was paid but he did not have his driver’s license with him and could produce no receipt. Accordingly, the plainclothesman and uniformed troopers of the State Police conveyed the claimant in *1018 ‘ ‘ relay ’ ’ to the home of Judge Geitgeubacii. Upon arrival there, after consulting his records, the Justice of the Peace advised the officer that the fine had been paid and claimant need no longer remain in custody. In the same “ relay ” fashion the State Police returned the claimant to his college.
Claimant maintained that payment of the fine voided the warrant and that the restraint by the State Police in January, 1963 constituted both a false arrest and a false imprisonment. There is no proof that publicity, oral or written, accompanied the meeting of the claimant with the police officer at the college on January 17, nor is there any proof of any physical restraint other than the requirement to accompany the representative of the State Police in motor vehicles.
Testimony reflected that subsequent to November 5, 1962 claimant, as well as the family of Ruth Digney, was contacted by telephone by the investigating police officer of the State troopers. It also reflected that during his investigation the officer inquired from Mr. Glynn whether the fine had been paid, requesting proof of such payment, and from the regional barracks prior to and on January 17, 1963 whether the warrant was in effect. At no time did Mr. Glynn or Miss Digney show the investigating officer the cancelled check although the document was produced at trial.
While personal liberty is a freedom guarded and protected by the law, the individual has a responsibility to comply with requirements that safeguard this right. Claimant received maximum leniency from Judge Gengenbach in the manner of payment for his traffic violation. His delay was the precipitating factor in the chain of events that terminated on January 17 and 18, 1963. The failure to revoke the issued warrant was incidental. Mr. Glynn was, on October 20 and up to November 5, knowingly in default of the payment of a fine. The payment of a fine after issuance of a warrant did not render the warrant void. In obeying such a warrant and executing the same, the arresting officer acted as a ministerial employee confronted with a directive to arrest. (Dakis v. City of New York, 8 Misc 2d 581; Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473.) The error, if any, made by the Justice of the Peace in the exercise of his discretion, being within his jurisdiction, did not render the police officer of the State liable for false imprisonment because he obeyed directions for its execution. (Mudge v. State of New York, 271 App. Div. 1039.)
Claimant did not contend or attempt to prove that the Justice of the Peace, an elected official, was a State officer. Fundamentally, the rule of respondeat superior does not apply to a *1019 judicial officer, a Justice of the Peace. (Jameison v. State of New York, 4 Misc 2d 326, affd. 7 A D 2d 944; Tesseyman v. State of New York, 21 Misc 2d 534; Cole v. State of New York, 19 Misc 2d 589.) The claim must be, and hereby is, dismissed.