MICHAEL J. HARTY, Claimant, v. STATE OF NEW YORK, Defendant.
(Claim No. 40149.)

Court of Claims, December 21, 1966.

*Nathan L. Levine* for claimant. *Louis J. Lefkowitz, Attorney-General* (*James Brenner* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. Claimant brings this action against the State of New York for wrongful detention as the result of his incarceration in the penal institutions of this State from November 20, 1959 to December 19, 1961. The claim was timely filed with the Clerk of the Court of Claims and the office of the Attorney-General of New York State, and has not been assigned or submitted to any other court or tribunal for hearing or determination.

Claimant, Michael J. Harty, was indicted for the crime of robbery, first degree, in Bronx County on January 3, 1953. Subsequently, on February 10, 1953, he entered a plea of guilty to

robbery, second degree, the sentence for which was set for April 9, 1953. Prior to being sentenced on this charge he was transferred by court order to Westchester County to stand trial on another charge of robbery. Claimant once again pleaded guilty to the charge of robbery, second degree, and on this plea, was sentenced to the Elmira Reception Center for an indefinite term not to exceed five years. Later in 1953, he was transferred to the New York State Vocational Institute in West Coxsackie, N. Y. Upon his arrival at that institution, the Superintendent wrote to the Clerk of the Bronx County Court regarding the disposition to be made of the warrant which had been lodged as a detainer against claimant, and which was based upon claimant's plea of guilty to the January, 1953 indictment. No action was taken on this request. Shortly prior to claimant's release on parole from West Coxsackie in October, 1955, the authorities wrote to the Bronx District Attorney's office regarding the warrant covering the 1953 indictment. On this occasion it was suggested that if any action was to be taken thereon an officer should be dispatched to West Coxsackie to take claimant into custody upon his release. In response to this communication, the District Attorney requested that the warrant be returned to his office, thereby giving claimant reason to believe that both the indictment and plea had been abandoned, and no further proceedings would be had thereon.

Claimant remained on parole from West Coxsackie for approximately a year and a half, then was returned as a parole violator. He remained until April, 1958, the maximum term of his sentence, and was then released. Shortly thereafter, on May 5, 1958, claimant was arrested on a charge of felonious assault and while out on bail was rearrested on July 28, 1958 on a charge of possession of burglary tools. Both of these charges were reduced to misdemeanors to which claimant pleaded guilty, and on October 29, 1958 he was sentenced to one year's imprisonment on each charge, the sentences to run concurrently. At the same time, claimant was held for sentencing on the old January, 1953 indictment for robbery. On October 31, 1958, more than 5½ years after his original plea, he was sentenced to 5 years' probation. As a result of parole violations during this period of probation, claimant was once again brought before the Bronx County Court on November 19, 1959 and, on this occasion, a period of some 6½ years after his original plea, claimant was sentenced to 1½ to 3 years' imprisonment and committed to a State prison.

On March 7, 1960, claimant, while incarcerated at Green Haven Prison, petitioned for a writ of habeas corpus which was

denied by the Supreme Court, Dutchess County, on June 21, 1960. The matter was appealed to the Appellate Division (13 A D 2d 538), which affirmed the Supreme Court, and finally to the Court of Appeals, which by opinion dated December 7, 1961, unanimously reversed the lower courts, granted claimant's petition and ordered his release. In its decision the Court of Appeals held that the inordinately long and unexplained delay on the part of the trial court in imposing sentence resulted in its loss of jurisdiction, thereby making void the sentence imposed. (*People ex rel. Harty* v. *Fay*, 10 N Y 2d 374 [1961].)

Upon the foregoing history and proceedings it is now for this court to determine whether the State of New York is answerable in damages to the claimant for his imprisonment between November 20, 1959 and December 19, 1961. We conclude that it is. The State has taken the position that it is insulated from liability by the sentencing order which was signed by a Justice of the County Court. In taking this position, the State places reliance upon cases such as *Houghtaling* v. *State of New York* (11 Misc 2d 1049, 1056). It was there stated that " Imprisonment which is authorized by process which is regular on its face and is issued by a court *having acquired jurisdiction* is lawful and cannot give rise to a cause of action for false imprisonment even though the process was erroneously or improvidently issued." (Italics added.) The critical question for determination, therefore, is whether the committing court had jurisdiction over the person committed. (*Williams* v. *State of New York*, 16 Misc 2d 109, affd. 9 A D 2d 415, affd. 8 N Y 2d 886.) We find that in the instant case the committing court did not have the requisite jurisdiction. Accordingly, the claimant is entitled to a recovery, and is awarded the sum of $6,000 as compensatory damages. This award is based upon his prospective earnings when not in jail. Considering the probability of his working, we nevertheless have in mind his miscreant way of life which casts doubt upon an assumption of constant employment.

The findings submitted have been passed upon in accordance with this decision.

We reserved decision on the State's motions to dismiss. We now deny both of said motions.