MICHAEL J. HARTY, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 40149.)

Third Department, February 16, 1968.

*Louis J. Lefkowitz, Attorney-General (James Brenner* and *Ruth Kessler Toch* of counsel), for appellant.

*Nathan L. Levine* for respondent.

HERLIHY, J. This is an appeal by the State of New York from a judgment of the Court of Claims awarding damages to the claimant for wrongful detention.

It appears that the claimant was illegally incarcerated in State prisons for the period from November 19, 1959 to December 19, 1961. (See *People ex rel. Harty* v. *Fay,* 10 N Y 2d 374.)

However, this court has previously held that where the illegal imprisonment is pursuant to legal process which is valid on its face, the State cannot be held liable in damages for wrongful detention. (*Nastasi* v. *State of New York,* 275 App. Div. 524, 526, affd. 300 N. Y. 473.) An exception to the rule that the State need not respond in damages where the commitment is valid on its face appears to be where the court issuing the process lacked jurisdiction of the person or the subject matter. (*Troutman* v. *State of New York,* 273 App. Div. 619, 621; *Hicks* v. *State of New York,* 22 A D 2d 837, 838.)

The issue in this case is whether or not the commitment (which was valid on its face) resulted from a mere erroneous determination of the law or the facts. (See *Hicks* v. *State of New York, supra*; *Ford* v. *State of New York,* 21 A D 2d 437, 439; *Troutman* v. *State of New York, supra.*) It appears that the court which issued the commitment had jurisdiction of the person of the defendant and of the subject matter of the proceedings as a result of its prior involvement in the particular judicial process. The court erred in determining that the sentence could or should be imposed, but such error is in the nature of a judicial determination and in no way appeared on the face of the commitment. (Cf. *Troutman* v. *State of New York, supra,* p. 621.)

For the purpose of habeas corpus the Court of Appeals found that the court which issued the commitment had lost jurisdiction to impose judgment. (*People ex rel. Harty* v. *Fay, supra.*) However, the decisive matter in the present case is that in the original proceedings the court had such jurisdiction of the sub-

ject matter and the person of the claimant to enable it to make a binding order, albeit such order was thereafter found to be erroneous.

Where the legal process is valid on its face, and does not of itself give notice of its legal invalidity, the State cannot be held answerable in damages when the court issuing such process has jurisdiction of the original proceedings. (See *Wood* v. *State of New York*, 28 A D 2d 643.) In the case before us we find applicable all the grounds for dismissal stated in *Jameison* v. *State of New York* (7 A D 2d 944) which appears closely in point.

Ordinarily, the issue as to whether there has been an unreasonable delay is reached on a motion by the defendant contending that he has been prejudiced by such delay or deprived of due process of law (it is not claimed that such a motion was made at the time of sentence). If so found, it customarily results in a dismissal of the indictment — not a lack of jurisdiction — upon order of the court.

It could not be seriously argued that the court, under such circumstances, would not have jurisdiction to make an order either granting or denying such relief. (*People* v. *Prosser,* 309 N. Y. 353, 361; *People* v. *Winfrey,* 20 N Y 2d 138.)

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.