■ WILLIAM CORCORAN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45790.) — STALEY, JR., J. Appeal from a judgment in favor of claimant, entered February 8, 1968, upon a decision of the Court of Claims. Claimant was indicted in Kings County on June 30, 1949 on several counts of grand larceny in the first and second degree. On July 11, 1949 he pleaded guilty to three counts of grand larceny in the first degree, and all other counts were dismissed. On September 14, 1949 claimant was sentenced by the County Judge of Kings County to terms of 5 to 10 years on each of the three counts with sentences to run concurrently. Claimant was paroled on December 22, 1952 and on May 24, 1957 the parole was vacated, and he was declared delinquent as of October 15, 1956 and returned to prison. In August, 1959 claimant applied to Supreme Court for a writ of habeas corpus which writ was sustained because it appeared that the clerk of the court failed to comply with the requirements of section 480 of the Code of Criminal Procedure. By order filed on December 3, 1959 claimant was returned to County Court of Kings County for resentencing. Claimant was not resentenced and the proceeding was adjourned, presumably because claimant was about to be released either on parole or because his maximum term was about to expire. Claimant was released on January 15, 1960. In 1962 claimant renewed his application to be resentenced which was heard by Supreme Court Justice Sobel, who had imposed the original sentence as County Court Judge of Kings County. The original sentence was vacated and claimant was rearraigned at which time his attorney requested leave to show "cause" (Code Crim. Pro., § 481) why the judgment of law should not be imposed. The court, after hearing the application, granted leave to claimant to withdraw his plea and, by order filed on November 7, 1963, the court, in the interest of justice, dismissed the indictments. Claimant has sued the State for false arrest and false imprisonment, and has been awarded damages in the sum of $60,000, the Court of Claims holding that the State was liable for an "invalid sentence" and "invalid parole". The Court of Claims further found that the failure to comply with section 480 of the Code of Criminal Procedure did not affect the validity of the conviction, and did not find invalid claimant's arrest nor the termination of his parole. In its decision the Court of Claims relied on *Harty* v. *State of New York* (52 Misc 2d 255) which case was reversed by this court subsequent to the decision now appealed from. In this court's opinion, in *Harty* v. *State of New York* (29 A D 2d 243), it was stated at page 244: "However, this court has previously held that where the illegal imprisonment is pursuant to legal process which is valid on its face, the State cannot be held liable in damages for wrongful detention. (*Nastasi* v. *State of New York*, 275 App. Div. 524, 526, affd. 300 N. Y. 473.) An exception to the rule that the State need not respond in damages where the commitment is valid on its face appears to be where the court issuing the process lacked jurisdiction of the person or the subject matter. (*Troutman* v. *State of New York*, 273 App. Div. 619, 621; *Hicks* v. *State of New York*, 22 A D 2d 837, 838.) " There is no evidence in the record here to establish that the commitment directing claimant's incarceration was invalid on its face, or that the court lacked jurisdiction over the subject matter or the person of the claimant. In *Harty* v. *State of New York* (29 A D 2d 243, *supra*), it is further stated (p. 245) : " Where the legal process is valid on its face, and does not of itself give notice of its legal invalidity, the

State cannot be held answerable in damages when the court issuing such process has jurisdiction of the original proceedings. (See *Wood* v. *State of New York,* 28 A D 2d 643.) In the case before us we find applicable all the grounds for dismissal stated in *Jameison* v. *State of New York* (7 A D 2d 944) which appears closely in point." The claimant further contends that his request to appear before the Grand Jury was improperly denied by the District Attorney, and that his plea of guilty was coerced by the County Judge and his attorney and by reason thereof, he is entitled to damages from the State. In view of the fact that these complaints are made against the acts of a District Attorney and a County Judge, neither of whom are State officers within the meaning of the Court of Claims Act, no cause of action exists against the State. (Court of Claims Act, § 8; *Fisher* v. *State of New York,* 10 N Y 2d 60; *Jameison* v. *State of New York,* 7 A D 2d 944; *Cole* v. *State of New York,* 19 Misc 2d 589.) The claimant has failed to establish any liability on the part of the State by reason of his arrest and imprisonment. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J. [56 Misc 2d 293.]