**Michael J. HARTY, Plaintiff,**

v.

**Hon. Nelson A. ROCKEFELLER, Governor of the State of New York, Defendant.**

**No. 71 Civ. 3567.**

United States District Court, S. D. New York.

Jan. 18, 1972.

**368**

Michael J. Harty, pro se.

Louis J. Lefkowitz, Atty. Gen., for defendant; Michael Colodner, New York City, of counsel.

GURFEIN, District Judge.

Michael Harty, the plaintiff *pro se,* won a notable victory in the New York Court of Appeals when that Court granted him, then a State prisoner, habeas corpus relief, holding that "a long and unnecessary failure to sentence is not only an error but results in lack of jurisdiction." People ex rel. Harty v. Fay, 10 N.Y.2d 374, 379, 223 N.Y.S.2d 468, 472, 179 N.E.2d 483, 485 (1961).

After his release on the writ, the petitioner then filed a timely complaint in the State Court of Claims against the State of New York for damages for his illegal detention from November 20, 1959 to December 19, 1961. He there had a short-lived victory, but the judgment was reversed, and his complaint was dismissed. Harty v. State of New York, 52 Misc.2d 255, 275 N.Y.S.2d 735 (Ct.Cl.1966), rev'd, 29 A.D.2d 243, 287 N.Y.S.2d 306 (3rd Dept.1968), aff'd, 27 N.Y.2d 698, 314 N.Y.S.2d 14, 262 N.E.2d 220 (1970).

He now sues Nelson A. Rockefeller, Governor of the State, for damages in the amount of $100,000 for his unlawful detention. The suit is apparently brought under the Civil Rights Act (42 U.S.C. §§ 1983, 1985). There is no allegation of any act by the Governor himself or of any knowledge by the Governor of Harty's sentence, imprisonment or release. The Governor moves to dismiss the complaint (Fed.R.Civ.P. Rule 12(b)).

It is, of course, quite settled that while the Governor of a State may be a whipping boy in the press, or even with the electorate for things done or omitted by his appointees of which he had no personal knowledge, that does not hold true in a court of law.

Unless the Governor himself did some specific act that was wrong, there is no personal liability for State acts on the theory of respondeat superior for which relief can be had under 42 U.S.C. § 1983. See Sostre v. McGinnis, 442 F.2d 178, 205 (2 Cir. 1971); Fields v. Rockefeller, Pro Se, 71 Civ. 2304 (S.D.N.Y. Nov. 19, 1971); Palermo v. Rockefeller, 323 F.Supp. 478, 483 (S.D.N.Y.1971).

Nor can the complaint be sustained if it is construed to be against the State of New York. For a State is not a proper defendant under the Civil Rights Act, since it is not a "person"

within the meaning of Section 1983. Zuckerman v. Appellate Division, 421 F. 2d 625 (2 Cir. 1970); Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (3 Cir.), cert. denied, 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969); Williford v. California, 352 F.2d 474, 476 (9 Cir. 1965).

It is, therefore, unnecessary to consider the contention that the action is time-barred.*

The motion to dismiss the complaint is granted.

---

* The action was commenced August 11, 1971. The plaintiff's release occurred on December 19, 1961. It is time-barred on its face. The then applicable statute of limitations (N.Y. CPA § 48(2)) for actions "to recover upon a liability created by statute," Romer v. Leary, 425 F.2d 186, 187 n. 1 (2 Cir. 1970), was six years. Since the plaintiff was released from custody on December 19, 1961, the action was time-barred in December 1967.