OPINION OF THE COURT
Daniel F. McMahon, J.
Defendant is charged in a single-count indictment with the possession of a gravity knife[1] on March 26,1980. A suppression hearing was held on November 6, 1980. The only real issue is whether property seized incidental to a good-faith arrest, based on an arrest warrant which unbeknownst to the officers had been previously vacated, must be suppressed or whether, under the circumstances, there was sufficient probable cause for the arrest and the accompanying search and seizure of the knife. The People called Sergeant Edward Hayes and Police Officers Bart Johnson and John Coons of the Peekskill Police Department; defendant testified on his own behalf. There is no dispute as to the facts.
On March 25, 1980 a felony complaint and warrant of arrest were issued by the Police Court of the City of Albany charging defendant of the violation of section 135.20 of the Penal Law, kidnapping, second degree, a class B felony, for the alleged abduction of the one-year-old daughter of the affiant (and apparently defendant). A teletype advising of the “activé warrant kidnapping second degree” was teletyped to and received at Peekskill Headquarters that day. That evening Sergeant Hayes and Police Officer *834 Coons saw defendant’s sister-in-law at her home in Peeks-kill and advised her of the Albany warrant outstanding against defendant. Defendant, who was apparently advised of the officers’ visit, called his attorney in Albany later that evening; arrangements were then made for defendant to surrender himself to Albany at approximately 9:00 A.M. t£le following morning (March 26) in the presence of his attorney. This procedure was followed and between 9:15 a.m. and 10:00 a.m. on March 26, 1980 defendant was booked, the original charge was reduced by Judge Keegan of the Police Court of the City of Albany to the misdemeanor of unlawful imprisonment, second degree (Penal Law, § 135.05), defendant was released on his own recognizance and the case was adjourned in contemplation of dismissal to October 17, 1980. The warrant of arrest which had been issued the previous day was vacated. Two detectives in Albany stated they would have the warrant canceled. However, the Peekskill Police Department was not notified of the vacatur of the arrest warrant. Defendant returned to Peekskill.
The arrest warrant was announced on March 26, 1980 at the regularly held roll call for the 4:00 P.M. to midnight shift of the Peekskill Police Department. At approximately 5:45 P.M. Sergeant Hayes observed defendant, whom he knew,[2] in an automobile, stopped him and radioed headquarters for assistance. Police Officers Johnson and Coons responded to his transmission and arrived at the scene; defendant was still seated in the car. Defendant was then ordered out, directed to place his hands on its roof, searched and the subject knife seized from his person. No weapons were drawn by the officers. Albany was notified following defendant’s'arrest, at which point, for the first time, Peeks-kill authorities were advised that the warrant had, in fact, been vacated earlier.
Defense counsel argues that as the arrest warrant was concededly not outstanding at the time of defendant’s arrest the concomitant search was improper and the fruits of the search must be suppressed. Both sides were given the opportunity of submitting legal authorities in support of *835 their respective positions. Defense counsel contends that under CPL 120.90 a defendant who is arrested pursuant to a warrant of arrest must be brought without unnecessary delay before the local criminal court (here, Albany) where the warrant is returnable; that when the Peekskill police learned there was no outstanding warrant subsequent to defendant’s arrest and search the provisions of CPL 120.90 could not be followed; hence the initial arrest was invalid nrmpr i*np erf-*}"hiTfp
In People v Walls (35 NY2d 419) two New York City police officers pursued and arrested defendants on the New Jersey side of the Lincoln Tunnel. Defendants argued, inter alia, that evidence seized from them should be suppressed as the New York officers failed to comply with an applicable New Jersey “fresh pursuit statute”, which required prompt arraignment before a New Jersey Magistrate and extradition proceedings in New Jersey. The court denied suppression stating as follows (supra, at p 424): “For similar reasons we are not persuaded by the defendants’ argument that the evidence should be suppressed because it was not seized incident to an authorized arrest. This is not a case where the officers acted without probable cause or willfully neglected to complete the postarrest procedures required by New Jersey law. On the contrary when they arrested the defendants and returned them to New York they reasonably — although mistakenly — believed they were authorized to act as they did. Under these circumstances the arrest and incidental search were valid (cf. Hill v. California, 401 U.S. 797).” The court rejects defendant’s reasoning regarding noncompliance with CPL 120.90.
There is no claim on the part of the defense there was any bad faith by the Peekskill or Albany Police Departments. Rather, defendant asserts that by reason of Albany’s failure to notify the Peekskill Police Department prior to defendant’s apprehension, his subsequent arrest and the accompanying search and seizure must fall. The prosecution counters with the argument that all police officers acted in good faith and the Peekskill authorities had ample probable cause under the teletyped notification of the arrest warrant received on March 25, 1980 to arrest defendant *836 in the City of Peekskill and to search him as an incident to that arrest. The court would note that the delay in notification in this case is relatively brief — being only a part of one day.
Surprisingly there does not appear to be any case law directly in point. However, there are analogous decisions which are persuasive on this subject. In People v Lypka (36 NY2d 210) police authorities of Seneca County received a telephone communication on June 16, 1972 at 10:30 P.M. from a person who identified himself as a detective from the Lancaster, Pennsylvania, Police Department, advising them that weapons and stolen property were being transported in vehicles which were designated in detail, including a license plate number. A teletype message containing similar information was received earlier that evening by the State Police Headquarters in Albany. At 3:00 A.M. the following morning the suspect vehicles were observed by the Seneca police parked in front of defendant Lypka’s residence. The vehicles were thereafter searched and contraband and weapons seized. The Court of Appeals denied (supra, p 213) defendant’s request for suppression in the following language: “Preliminarily, we think that the police response to the telephone and teletype communications from the Pennsylvania authorities was reasonable and proper. A police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability. [Citing cases.] It follows that where the bulletin or alert, prima facie, furnishes probable cause, a reasonable search is permissible. In such circumstances the sender’s knowledge is imputed to the receiver and, when the receiver acts, he presumptively possesses the requisite probable cause to search.” (See, also, Bellows v State of New York, 30 AD2d 1019.)
In Michigan v De Fillippo (443 US 31), police officers in Detroit, Michigan, who observed defendant and a young woman in an alleyway under suspicious conditions asked defendant for identification and when he failed to properly identify himself he was arrested, searched and controlled substances seized from his person. The arrest was predicated on a local Detroit ordinance which was thereafter *837 held unconstitutionally vague. The Michigan Court of Appeals reversed defendant’s conviction and directed suppression of the evidence on the grounds that an arrest based on an ordinance subsequently declared unconstitutional was invalid. The United States Supreme Court held to the contrary, holding (supra, p 37) that under the circumstances there was “abundant probable cause to satisfy the constitutional prerequisite for an arrest”, stating further (supra, pp 37-38):
“At that time, of course, there was no controlling precedent that this ordinance was or "was not constitutional, and hence the conduct observed violated a presumptively valid ordinance. A prudent officer, in the course of determining whether respondent had committed an offense under all the circumstances shown by this record, should not have been required to anticipate that a court would later hold the ordinance unconstitutional. * * *
“Society would be ill-served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement. * * *
“Here, the police were not required to risk ‘being charged with dereliction of duty if [they did] not arrest when [they had] probable cause’ ”.
The Supreme Court further made the following comment in Footnote No. 3 (supra, p 38) concerning the exclusionary rule :[3] “The purpose of the exclusionary rule is to deter unlawful police action. No conceivable purpose of deterrence would be served by suppressing evidence which, at the time it was found on the person of the respondent, was the product of a lawful arrest and a lawful search. To deter police from enforcing a presumptively valid statute was never remotely in the contemplation of even the most zealous advocate of the exclusionary rule”.
In Glynn v State of New York (47 Misc 2d 1016) claimant sought damages for false arrest and false imprisonment arising out of his arrest by the State Police on January 17, 1963 pursuant to a warrant which had been issued for his arrest on October 20, 1962. On September 30, 1962, claim *838 ant had been taken before a local Justice of the Peace, charged with speeding, pleaded guilty and fined $10 or 10 days in jail. A stay of execution was granted on condition he promptly remit the $10 fine. The court mailed claimant a letter on October 5, 1962 reminding him of the unpaid fine. On October 20,1962 a warrant was issued by the court on claimant’s failure to promptly pay the amount; the warrant and a duplicate original were then forwarded for execution to the State Police. Although on November 9, 1962 (dated four days earlier) the court did receive a check in payment of the fine, that payment was not reported to the State Police nor was any request made by the court to return the previously issued warrant.
Claimant maintained (supra, p 1018) that the payment of the fine on November 9, 1962 “voided the warrant and that the restraint by the State Police in January, 1963 constituted both a false arrest and a false imprisonment”. The Court of Claims rejected this argument saying (supra, p 1018): “The payment of a fine after issuance of a warrant did not render the warrant void. In obeying such a warrant and executing the same, the arresting officer acted as a ministerial employee confronted with a directive to arrest. [Citing cases.] The error, if any, made by the Justice of the Peace in the exercise of his discretion, being within his jurisdiction, did not render the police officer of the State liable for false imprisonment because he obeyed directions for its execution. [Citing cases.]”
The rationale expressed in the above judicial determinations applies equally in the instant case. Hence, this court concludes that the police had sufficient probable cause to arrest defendant under the authority of the teletype communication of the warrant charging defendant with a most serious crime, to search him contemporaneously thereunder and to seize the knife. The mere fact that unknown to them the warrant had been vacated earlier that day in Albany does not alter both a right and duty to arrest defendant when he was observed in their jurisdiction on March 26, 1980.
Accordingly, defendant’s motion to suppress is in all respects denied.

. A class D felony.

. Defendant had a substantial criminal record.

. The majority of the Fifth Circuit United States Court of Appeals recently upheld a similar “good-faith” exception to the exclusionary rule (United States v Williams, 622 F2d 830).