■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LA MARR STINSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 30, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree and criminal possession of stolen property in the first degree. As a result of an incident which occurred at approximately 8:00 P.M. on October 9, 1980 at the Home Savings Bank located at the Twenty Mall in the Town of Guilderland, Albany County, wherein two men wearing ski masks committed a robbery during which they stole several thousand dollars at gunpoint, defendant and one William Sasso were indicted on three counts of robbery in the first degree (Penal Law, § 160.15, subds 2, 3, 4) and one count of criminal possession of stolen property in the first degree (Penal Law, § 165.50). Following a jury trial, defendant was convicted on one count of robbery in the first degree and one count of criminal possession of stolen property in the first degree, and he was then sentenced, as a second felony offender, to concurrent indeterminate terms of imprisonment of 12½ to 25 years and 3½ to 7 years. The present appeal followed, and we hold that the challenged judgment should be affirmed. In so ruling, we find without merit defendant's contention that the police lacked probable cause to arrest him. During April of 1980 Connecticut police had informed New York police that William Sasso was a suspect in several Connecticut bank robberies and that he might well be in the Albany area to "do a caper" and be driving a blue Cadillac with a Connecticut registration, and such a vehicle was in fact observed by the police on April 11, 1980 as it was driven into the Twenty Mall Shopping Center and past an area within 100 feet of the Home Savings Bank. Subsequently, on October 9, 1980, shortly after the robbery at issue herein had occurred, an agent of the Federal Bureau of Investigation stationed in Connecticut confirmed for another Federal agent in New York who was investigating the robbery that there were marked similarities between the robbery of the Homes Savings Bank and the earlier Connecticut robberies, and he also provided the name of William Sasso as a possible participant in the crime and indicated that Sasso could be driving a silver Cadillac registered in Connecticut. When a

vehicle matching this description was later discovered by the police at approximately 11:30 P.M. on October 9, 1980 in the parking lot of the Ramada Inn on Western Avenue in the City of Albany, they checked the motel registry and discovered that defendant La Marr Stinson from Waterbury, Connecticut, was registered. Simultaneously, there were informed by the police at the State Police barracks at Loudonville that the silver Cadillac was registered in the name of one Sharon Sasso of Waterbury, Connecticut. A physical observance of that car by the police was immediately established, and within a very few minutes defendant, a black man, was seen exiting the motel with another man who fit the description of one of the bank robbers, especially as to his distinctive clothing and bulging leg musculature. The two men were conversing and carrying baggage which they loaded into two cars including the Cadillac, and the man fitting the description of the robber then drove off in the Cadillac with defendant following close behind in a red Mercury with Connecticut license plates. The cars next proceeded to the New York State Thruway, and, as the police continued to follow them on that highway, there is further evidence that they were informed by Connecticut police that the driver of the Mercury would likely by defendant, a known member of Sasso's "gang". When both cars then pulled off the Thruway at the New Baltimore service area, they were stopped by the police and their drivers were arrested. Given a situation such as this, the trial court did not err when it ruled that the police had probable cause to arrest defendant. Although the information conveyed by the police authorities in Connecticut was by itself insufficient to justify the arrest, it is highly significant that that information "was so specific and congruous" with and also supplemented by the independent observations of the New York police detailed above (*People v Benjamin,* 51 NY2d 267, 270). Accordingly, considering the totality of the circumstances presented, we conclude that the police had probable cause to arrest both defendant and the driver of the silver Cadillac, William Sasso. Moreover, defendant's further contention that the court should have suppressed a statement which he gave the police is lacking in substance because, there having been probable cause for his arrest, the statement in question was plainly not made while he was being illegally detained (see *Dunaway v New York,* 442 US 200). Defendant's remaining arguments are similarly unpersuasive. The search of his automobile was proper because the police had probable cause to believe that it contained contraband or the fruits of a crime (see *People v Clark,* 45 NY2d 432) and, at any rate, additional evidence was presented that defendant consented to the search. Furthermore, ample evidence was presented to support the guilty verdicts, and nothing in the court's charge to the jury relative to section 20.00 of the Penal Law warrants disturbance thereof. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.