■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. SASSO, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 21, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree and criminal possession of stolen property in the first degree. Defendant was tried jointly with La Marr Stinson and both were convicted of robbery in the first degree and criminal possession of stolen property in the first degree arising out of their joint participation in the robbery of the Home Savings Bank in the Town of Guilderland. Defendant was sentenced as a persistent felony offender to a term of imprisonment of 25 years to life. Stinson's conviction was affirmed by this court (*People v Stinson,* 92 AD2d 676, mot for lv to app den 60 NY2d 594, cert den __ US __). Defendant's claims on this appeal of lack of probable cause to arrest him and illegal search and seizure of his vehicle at the same time and place as the search of the Stinson car have already been held meritless by this court in *Stinson (supra)*. We further find no merit in this defendant's contention that a subsequent Grand Jury could not indict him for criminal possession of stolen property in the first degree upon the same facts which supported his prior indictment of robbery in the first degree without a resubmission order. It has long been held that a Grand Jury may, without an order of resubmission, consider virtually identical evidence and information on a different charge (*People v Nelson,* 298 NY 272; *People v Bachety,* 112 Misc 2d 957). Therefore, there was no error in the presentation of the illegal possession of stolen property charge, nor in consolidating the two indictments for trial. In regard to the consolidation, it is further noted that this was done with the consent of defense counsel. Defendant also argues that the trial court erred in its charge to the jury of section

20.00 of the Penal Law since defendant, along with Stinson, was charged only as a principal and not as an accessory. In this case, the testimony revealed that Stinson had been in the bank earlier, ostensibly to "case" it; that he possessed clothes and a shotgun identical to those used in the robbery; and that he had large sums of money, including a bill on the bank's "bait list"[*], and money wrappers from the bank. It matters not, therefore, whether Stinson was considered an actual perpetrator of the crime and a principal or an accessory. There is no distinction between liability as a principal and criminal culpability as an accessory (see *People v Duncan*, 46 NY2d 74, cert den 442 US 910). The trial court's instructions as to section 20.00 of the Penal Law were, therefore, not erroneous. Contrary to defendant's claim, the money found in his car was properly admitted into evidence. There was no objection by the defense to its introduction at trial and the conviction should not be reversed in the interest of justice since the chain of custody of the money was properly established. Furthermore, it was not error for the trial court to consider defendant a persistent felony offender in view of his past convictions which are presumed valid. Defendant was given the opportunity but did not demonstrate the unconstitutionality of any of them (see *People v Bonk*, 83 AD2d 695), except in bare conclusory terms. We have considered defendant's other contentions and find that they also lack merit. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.

[*] The "bait list" consists of marked bills, some of which are to be given to a robber by a teller in the event of a holdup so that the marked money can be traced.