■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ABNEY, Appellant.—Judgment unanimously modified, on the law, by vacating the sentence imposed and, as modified, affirmed and matter remitted to Supreme Court, Monroe

County, for resentencing. Memorandum: The question is whether defendant's 1970 conviction in Pennsylvania for the crime of "Violation of the Uniform Firearms Act" can serve as a predicate felony for sentencing the defendant in New York as a second felony offender.

The New York second felony offender statute (Penal Law § 70.06 [1] [b] [i]) provides that to be a predicate felony conviction, the out-of-State conviction must have been (1) "of an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and [2] is authorized in this state".

There is no question that the Pennsylvania conviction was of an offense for which a sentence of imprisonment in excess of one year was authorized. The Uniform Firearms Act, which was Pennsylvania Statutes title 18, § 4628 (since repealed), provides in subdivision (p): "Any person violating any of the provisions of this section is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment not exceeding three (3) years, or both." Thus, although the crime was only a misdemeanor in Pennsylvania, since a punishment in excess of one year was authorized therefor, the conviction meets the first test of Penal Law § 70.06.

The Pennsylvania conviction, however, fails the second test of Penal Law § 70.06. It was not of an offense for which a sentence of imprisonment in excess of one year is authorized in this State. The most comparable crime in New York State for which a sentence of imprisonment in excess of one year is authorized is criminal possession of a weapon in the third degree. The elements of that crime are: possession of any firearm (Penal Law § 265.01 [1]), without a license (Penal Law § 265.20 [a] [3]), having been previously convicted of any crime (Penal Law § 265.02).

From the record, we cannot tell under what subdivision of the Pennsylvania Uniform Firearms Act defendant was charged and convicted, although in arguing the matter before the sentencing court, both defendant's counsel and the District Attorney assumed that it was under subdivision (e), which provides: "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." There is no requirement in this subdivision of the Pennsylvania statute, as there is in the New York statute, that defendant be previously convicted of a crime. Even

though the District Attorney provided the sentencing court with records showing that defendant previously had been convicted of armed robbery in Pennsylvania, that prior conviction was not a material element of the Pennsylvania firearm violation. Thus, the crime for which defendant was convicted in Pennsylvania was not equivalent to the New York crime of criminal possession of a weapon in the third degree, a class D felony, but of criminal possession of a weapon in the fourth degree, a class A misdemeanor, for which a sentence in excess of one year is not authorized. Defendant, therefore, was improperly sentenced as a second felony offender.

We have examined defendant's remaining arguments and we find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—burglary, second degree, and assault, third degree.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.