OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimant was convicted of a misdemeanor (assault in the third degree) and a felony (burglary in the second degree). At sentencing the District Attorney alleged that claimant was a second felony offender (Penal Law § 70.06 [1] [b] [i]), based upon claimant’s conviction in 1970 for violation of the Uniform Firearms Act of Pennsylvania. Claimant argued that this prior conviction was not a felony, and thus could not serve as the predicate felony triggering the statute.
The sentencing court rejected this argument and in December 1978 sentenced claimant as a second felony offender to an enhanced term of imprisonment having a minimum of five *410 years and a maximum of 10 years. Claimant served his minimum term, being discharged in July 1983.
In December of 1985, the Appellate Division, Fourth Department, "vacat[ed] the sentence imposed * * * and * * * remitted [the matter] * * * for resentencing” (People v Abney, 115 AD2d 1001-1002), otherwise affirming the judgment, finding that the earlier Pennsylvania conviction was not a felony and that claimant was improperly sentenced as a second felony offender. In January 1986, claimant was resentenced to a term of imprisonment having a minimum of one year and a maximum of 10 years.
The claimant alleges that, because the sentencing court failed to sentence him as a first felony offender, he remained incarcerated for four additional years. The foundation of the claim at bar is the contention that the second felony offender information (CPL 400.21) submitted to the original sentencing Judge constitutes an accusatory instrument. Therefore, asserts claimant, he is an innocent person wrongly convicted and wrongfully imprisoned, for whom recovery of damages under the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b) is permitted.
The State seeks dismissal of this claim on the ground that claimant is not likely to succeed at trial (Court of Claims Act § 8-b [4]), because: (1) he is not an innocent person as contemplated by the statute; (2) his accusatory instrument was not dismissed (Court of Claims Act § 8-b [3] [b] [ii]); and (3) in any event, the second felony information required to be filed by the District Attorney is not an accusatory instrument as defined in CPL 1.20 (1). (Cf., People v Scarbrough, 66 NY2d 673, revg 105 AD2d 1107 for reasons stated in dissenting mem of Boomer, J.) The State notes that the Penal Law (§ 70.00 [2] [c]) permits a sentence of a term not to exceed 15 years for the felony herein of burglary in the second degree, and thus, regardless of his incarceration for five years, claimant has not been wronged.
Claimant has succinctly encapsulated the matter before me: Does the statutory purpose of the Unjust Conviction and Imprisonment Act (Court of Claims Act § 8-b [1]) apply only to people convicted and imprisoned for crimes which they never committed, or, as characterized by claimant, for those improperly incarcerated? I find that the statute applies only to the former. The linchpin is innocence (Report of Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2930), and it is here that claimant’s cause of action derails.
*411 The Appellate Division merely vacated the original sentence and remitted the matter for resentencing. The judgment of conviction, as modified, was affirmed (People v Abney, supra). Claimant was improperly sentenced (Penal Law § 70.06), not unjustly convicted. Query, is this not a case of judicial error where the Judge’s ruling is cloaked with judicial immunity and where liability does not attach (cf., Mullen v State of New York, 122 AD2d 300, 301)?* Although the original sentence herein was improper, that confinement was privileged under a commitment valid on its face (cf., Nastasi v State of New York, 275 App Div 524, 526; Harty v State of New York, 29 AD2d 243, affd 27 NY2d 698; Corcoran v State of New York, 30 AD2d 991), and thus a claim for false imprisonment could not be sustained herein (Broughton v State of New York, 37 NY2d 451, cert denied sub nom. Schanbarger v Kellogg, 423 US 929).
I find that the Unjust Conviction and Imprisonment Act is not intended to allow recovery to persons whose sentences are improper or who remain incarcerated beyond their authorized terms. Contrary to claimant’s position, recovery under this provision of the Court of Claims Act was intended to recompense those suffering the dual inequities of unjust conviction coupled with a subsequent incarceration. The Law Revision Commission intentionally excluded those who may have been unjustly convicted but had not been incarcerated (1984 McKinney’s Session Laws of NY, at 2903, n 1). By contrast, here we have a just conviction with an improper sentence.
In addition I find that the second felony offender information is not an accusatory instrument within the definition or contemplation of CPL 1.20 (1). Even granting that he could overcome that hurdle, claimant here fails to satisfy the basic overriding spirit and intent of the statute, that of innocence, and this claim must be dismissed. Claimant’s theory that he was innocent of having committed a prior felony, was innocent of the allegations that he was a second felony offender, and thus was "wrongly convicted” (Court of Claims Act § 8-b [1]), is not persuasive.
The Law Revision Commission and the Legislature were *412 concerned with persons who were innocent, suggesting that innocence may be established either "by proof that the person did not commit the acts charged or by proof that the acts * * * committed did not constitute any crime” (1984 McKinney’s Session Laws of NY, at 2930-2931; emphasis supplied). It is at this doorstep that claimant fatally stumbles.
Claimant may have been incarcerated for a longer period than he should have been, although the State correctly notes that Penal Law § 70.00 (2) (c) permits a sentence for a period of no longer than 15 years for a class C felony, such as the one for which claimant was convicted. Claimant suggests that had he not been sentenced as a second felony offender, his original sentence would have been shorter. Of course the length of the putative original sentence is somewhat speculative, with the hindsight of his resentencing suggesting some parameters. Such speculation, however, is not necessary, as claimant fails to meet the threshold requirements of Court of Claims Act § 8-b. Accordingly, the State’s motion to dismiss the claim herein is granted.

 But query further, if a claim for unjust conviction and imprisonment arises from a conviction before a Judge without a jury (CPL art 320), could the State rely solely upon "judicial immunity” to avoid liability? I do not believe so, particularly as to the Judge’s role as a finder of fact. Were liability to be predicated upon the Judge’s conclusions of law, as we have here, liability may not attach. Such circumstances will require case-by-case scrutiny.