■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ROSS, Appellant

The defendant raises on appeal the issue of whether he was properly sentenced as a second felony offender (Penal Law § 70.06 [1]; CPL 400.21 [7] [a]). The defendant had previously been convicted in Illinois for burglary upon his plea of guilty. The Illinois statute defines burglary to encompass conduct which would constitute a felony in New York as well as conduct which would constitute a misdemeanor in this State *(see,* Ill Crim Code [Ill Annot Stats, ch 38,] § 19-1 [a]). The Illinois "Conviction Statement" produced by the District Attorney at the defendant's sentencing was silent as to which theory of the crime the defendant had pleaded guilty. The defendant contends that the Illinois "Conviction Statement" cannot therefore be used to adjudicate him as a second felony offender since it does not indicate whether he was convicted upon his plea of guilty to a crime that would be a felony or a mere misdemeanor in New York.

The Court of Appeals in *People v Gonzalez* (61 NY2d 586, 589) indicated that: "[t]o determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' (see *People v Olah,* 300 NY 96, 98). The crime cannot be extended or enlarged by allegations in the indictment or by referring to evidence at trial". However, the court

then stated: "As an exception to the *Olah* rule we have permitted a sentencing court to go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors" *(People v Gonzalez, supra,* at 590-591; *see also, People ex rel. Goldman v Denno,* 9 NY2d 138; *People ex rel. Gold v Jackson,* 5 NY2d 243).

In this case, the accusatory instrument in Illinois charged the defendant solely with the specific act of knowingly entering the building of another without authority with the intent to commit a theft therein, thus constituting the crime of burglary under the Illinois Criminal Code. The defendant's act as stated in the instrument is clearly analogous to the elements which constitute burglary in the third degree, a class D felony in New York (Penal Law § 140.20). Accordingly, Criminal Term properly adjudicated the defendant a second felony offender. Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.