■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LA MARR STINSON, Appellant.—Weiss, J. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), entered August 3, 1988, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of robbery in the first degree and criminal possession of stolen property in the first degree, without a hearing.

Defendant's conviction for the October 1980 crimes of robbery in the first degree and criminal possession of stolen property in the first degree was previously affirmed by this court *(People v Stinson,* 92 AD2d 676, *lv denied* 60 NY2d 594, *cert denied* 464 US 1010). Defendant was sentenced as a predicate felon to an indeterminate prison term of 12½ to 25 years. At sentencing, the People filed a special prosecutor's information charging as a predicate offense defendant's 1975 Connecticut conviction upon an unclassified felony of carrying and sale of dangerous weapons (Conn Gen Stat § 53-206). County Court rejected defendant's argument that the Connecticut conviction did not rise to the level of a felony in New York so as to justify the classification of defendant as a second felony offender. In March 1988 defendant moved *pro se* pursuant to CPL 440.20 for an order setting aside his sentence on the ground that he was improperly sentenced as a second felony offender because the Connecticut conviction did not qualify as a predicate felony conviction under New York law *(see,* Penal Law § 70.06 [1] [b] [i]). County Court denied the motion without a hearing on the ground that the issue had previously been determined on the merits by County Court at sentencing *(cf.,* CPL 440.20 [3]). This court granted defendant permission to appeal.

We reverse. The question is whether defendant's 1975 conviction in Connecticut can serve as a predicate felony for

purposes of sentencing defendant in New York as a second felony offender. The second felony offender sentencing scheme provides for enhanced terms of imprisonment upon a felony conviction where a defendant has previously been convicted of a predicate felony (Penal Law § 70.06). By definition, a previous out-of-State conviction must have been "of an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state" (Penal Law § 70.06 [1] [b] [i]). Essentially "a prior out-of-State conviction can only be a predicate felony conviction when the conviction is for a crime whose elements are equivalent to those of a New York felony, and only when the out-of-State conviction carried with it an authorized sentence in excess of one year, and a sentence in excess of one year is also authorized for the offense in this State" *(People v Thompson,* 140 AD2d 652, 654). In making this comparison, the language of the relevant statute is determinative *(see, People v Gonzalez,* 61 NY2d 586, 589; *People v Olah,* 300 NY 96, 99-100).

There is no question that the Connecticut conviction was of an offense for which a sentence of imprisonment in excess of one year was authorized. The relevant statute provided, in pertinent part, as follows: "Any person who carries upon his person * * * any other dangerous or deadly weapon or instrument * * * shall be fined not more than five hundred dollars or imprisoned not more than three years or both" (Conn Gen Stat § 53-206 [a]). Since punishment in excess of one year in prison was authorized, the first test under Penal Law § 70.06 was met. However, the Connecticut conviction fails the second part of the test. The most comparable felony in this State is criminal possession of a weapon in the third degree (Penal Law § 265.02). While this crime speaks to the unlicensed possession of a deadly weapon or dangerous instrument, it also includes, as an element, a previous conviction of any crime (Penal Law § 265.02 [1]). There is no comparable requirement in the Connecticut statute, which is more properly likened to the misdemeanor charge of criminal possession of a weapon in the fourth degree (Penal Law § 265.01; *see, People v Olah,* 300 NY 96, 99, *supra; People v Abney,* 115 AD2d 1001, *lv denied* 67 NY2d 879). Moreover, defendant's earlier convictions for policy playing and robbery were not material elements of the subject Connecticut conviction *(see, People v Abney, supra,* at 1002-1003). Accordingly, the Connecticut conviction does not qualify as a predicate felony conviction as a matter of law. It

follows that County Court erred in denying defendant's motion to set aside the sentence (see, CPL 440.20 [1]).*

Order reversed, on the law, motion granted, sentence set aside and matter remitted to the County Court of Albany County for resentencing. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.

---

* We observe that County Court's reliance on CPL 440.20 (3) to deny the motion without a hearing was inappropriate. This provision authorizes the summary denial of a motion where the issue has been reviewed on the merits in a "prior motion or proceeding" following the entry of a judgment. The sentencing court's rejection of defendant's challenge to the Connecticut conviction does not trigger this provision. In any event, County Court retains authority to grant the motion in an instance, as here, where a valid challenge has been made.