■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERU WILEY, Appellant. [618 NYS2d 798] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 6, 1993, which convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentenced him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

After receiving a radio transmission from an identified informant that a man wearing a red T-shirt had been firing shots into the air and had entered a burgundy car bearing an out of State license plate number, police arrived on the scene, saw the car, and moments later heard gunshots. The police then observed defendant and his companion, who partially matched the description given, exiting hurriedly from the park. No one else was seen in the area. The police ordered defendant and defendant's companion, who was carrying a golf club, to stop and frisked the two men. The frisk revealed that defendant was in possession of an operable loaded .25 caliber handgun.

Contrary to defendant's claim, the information originally possessed by the police upon arriving on the scene, " 'when * * * considered in conjunction with the attendant circumstances and exigencies, as observed by the police during the encounter' ", provided the police with reasonable suspicion that defendant had committed a crime (People v Grant, 184 AD2d 242, lv denied 80 NY2d 904). Moreover, the limited patdown of defendant and his companion was justified inasmuch as the circumstances supported an objective view that the officers were in danger of physical injury by virtue of the distinct possibility that defendant and his companion might be armed. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.