THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEKE ADAMS, Appellant. [640 NYS2d 37]

Upon finding defendant and two codefendants in the rear of the warehouse of the beer distributor that they and two others had just robbed at gunpoint during which incident numerous shots had been fired, the officer's sole inquiry of defendant, as to how many perpetrators there were and whether they had any guns, was intended to clarify the situation and not to elicit admissions, and thus no *Miranda* warnings were required (*People v Huffman*, 41 NY2d 29). Given the volatile nature of the situation, the questioning also was justified under the public safety exception to the *Miranda* requirements (*New York v Quarles*, 467 US 649; *cf., Matter of John C.*, 130 AD2d 246).

Defendant's right to confrontation was not violated by the admission of the codefendants' redacted confessions which substituted the words "other guys", whenever the confessions referred to the defendant and another codefendant by name. Given the fact that there were multiple participants in the robbery (*see, People v Hussain*, 165 AD2d 538, 542-543, distinguishing, *inter alia, People v Marcus*, 137 AD2d 723, *lv denied* 72 NY2d 862), and that the codefendants' confessions did not detail the individual roles played by the robbers during the actual robbery, we find that the references in the confessions to the "other guys" did not inescapably point to defendant (*cf., People v Wheeler*, 62 NY2d 867), and did not "track" the testimony of the People's witnesses (*cf., People v Khan*, 200 AD2d 129, 139, *lv denied* 84 NY2d 937). Even if the admission of these confessions was error, it was harmless beyond a reasonable doubt given the overwhelming evidence of defendant's participation in the robbery, including his own detailed confession as to his involvement, and the court's clear instructions that each confession admitted into evidence was to be consid-

ered as evidence only against the person who made that confession (*People v Hamlin*, 71 NY2d 750).

Nor was it an abuse of discretion to deny the defendant's various motions for a mistrial based on the incidents of violence in the courtroom by the codefendants. Notwithstanding the bizarre nature of these incidents, we find that the court addressed them in an appropriate manner, including suitable jury instructions, and properly exercised its discretion in declining to declare a mistrial.

The consecutive sentences on the first-degree robbery convictions were not improper, since, although part of a single extended transaction, the robberies of the individual victims were separate and distinct acts (*see*, Penal Law § 70.25 [2]; *People v Brathwaite*, 63 NY2d 839, 843; *People v White*, 192 AD2d 736, 737, *lv denied* 81 NY2d 1082). We perceive no abuse of discretion in sentencing.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Nardelli and Mazzarelli, JJ.