■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESIREE BRIMBERRY, Appellant. [655 NYS2d 27] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered April 13, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The trial court properly denied defendant's request for an agency charge, because there was no reasonable view of the evidence supporting the theory that defendant acted solely for the buyer. Defendant initiated the transaction, led the undercover officer to the codefendant, communicated to the codefendant the undercover's proposed purchase, took the money from the officer in exchange for the drugs, and transferred it to the codefendant (see, People v Alston, 215 AD2d 108, lv denied 86 NY2d 732).

The court properly refused to give an adverse inference charge as a remedy for the destruction of defendant's purse where defendant failed to make any pretrial effort to secure it although she knew it to be in police custody (People v Allgood, 70 NY2d 812). Moreover, the administrative destruction of the purse by the police was not in bad faith and did not result in prejudice to defendant, given its minimal probative value (see, People v Campola, 83 NY2d 850). Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.