■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAY QUAN JOHNSON, Appellant. [666 NYS2d 142] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered September 8, 1995, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. The officers, in responding to a radio report received from an identified complainant, properly approached and requested information from defendant and his co-defendant since they were observed near the location where a robbery had occurred a short time before and were the only individuals who closely matched the descriptions contained in the report (*see, People v Perez*, 224 AD2d 313, *affd* 88 NY2d 1059). Although the clothing worn by defendants did not precisely match the description of the clothing worn by the perpetrators as described in the radio report, the differences were minor and did not detract from the specificity of the radioed description and the congruity between the officers' observations and that description (*see, People v Wiley*, 209 AD2d 361, *lv denied* 85 NY2d 944). This observation of defendants, together with their nervous behavior, change of direction upon seeing the patrol car and suspicious answers to the officers' questions, gave the officers

reasonable suspicion that defendants had committed the robbery and, therefore, justified their on-the-scene detention in order to conduct a showup (*People v Hicks*, 68 NY2d 234). After the complainant identified defendant as one of the individuals who had robbed him, the officers had probable cause to arrest him and to conduct a search incident to the arrest (*People v De Bour*, 40 NY2d 210).

Since defendant failed to raise his contention that the admission of the co-defendant's plea allocution violated his right of confrontation, the issue has not been preserved for appellate review (*People v Qualls*, 55 NY2d 733), and we decline to review it in the interest of justice. In any event, this contention, as well as defendant's preserved argument that the introduction of such evidence improperly implicated him in the crime, are without merit since the allocution, which possessed ample indicia of reliability (*see, Idaho v Wright*, 497 US 805), was properly admitted as a declaration against penal interest to establish an element of the crime charged against defendant (*People v Thomas*, 68 NY2d 194, *cert denied* 480 US 948). Moreover, the court's redaction of the allocution to eliminate any reference to this defendant, and its repeated instructions to the jurors that they could not consider the allocution as evidence of his identity, served to minimize any prejudice (*supra*; *People v Adams*, 225 AD2d 506, *lv denied* 88 NY2d 932). Although the prosecutor's comments during summation with respect to the plea allocution were improper, the error was harmless in light of the overwhelming evidence of defendant's guilt and the instructions provided by the trial court, which, as noted, directed the jurors' attention to the proper manner in which to consider such evidence (*People v Crimmins*, 36 NY2d 230; *see also, People v Maher*, 89 NY2d 456, 462). Concur—Ellerin, J. P., Wallach, Williams and Colabella, JJ.