■ The People of the State of New York, Respondent, v David Coager, Appellant. [698 NYS2d 349] —Graffeo, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered August 26, 1996, upon a verdict convicting defendant of the crime of attempted murder in the second degree.

Defendant's conviction stems from a May 27, 1993 incident in which he repeatedly stabbed his former girlfriend's boyfriend with a knife. Defendant confronted his victim at a gas station in the City of Schenectady, Schenectady County and initiated

an argument. When the victim attempted to walk away, an altercation ensued and defendant attacked him, resulting in multiple knife wounds to the victim's upper arm, back and head. After a jury trial, defendant was convicted of attempted murder in the second degree and sentenced as a second felony offender to an indeterminate prison sentence of 12½ to 25 years.

Defendant now appeals, initially contending that the prosecutor's remarks regarding a prior conviction warrant a new trial. We disagree. At a pretrial *Sandoval* hearing the People indicated that they intended to cross-examine defendant with respect to a dozen prior crimes. In its *Sandoval* ruling, County Court provided that should defendant choose to testify, the People would be allowed to question defendant only with respect to certain crimes, while precluding others. The court limited the People's scope of inquiry regarding a 1991 conviction for attempted assault in the third degree to the level of the crime (a class B misdemeanor) and the date of conviction. However, during the cross-examination of defendant, the prosecutor asked whether defendant had pleaded guilty to attempted assault in the third degree, a class B misdemeanor, to which defendant answered in the affirmative. Defendant's counsel objected and moved for a mistrial. County Court denied the request but provided an immediate curative instruction and barred the People from raising two additional convictions previously held to be admissible.

Although the prosecutor's inquiry was in violation of the *Sandoval* ruling, the record reveals that the evidence of defendant's culpability in the commission of the crime was overwhelming. The People introduced compelling evidence of defendant's guilt, including the testimony of the victim who indicated that he was attacked by defendant outside a service station restroom. The victim testified that not only was the attack unprovoked, but that he attempted to avoid the confrontation and while trying to run away, defendant stabbed him in the back, head and arm. Defendant did not dispute that the victim was stabbed during the altercation, but instead asserted that it was the victim who possessed the knife and was the instigator. An eyewitness to the incident corroborated the victim's rendition of the facts, stating that he saw defendant stab the victim numerous times. The day after the attack, defendant departed for Alabama where he remained until July 1995 when he returned to Schenectady and was arrested. In light of the strong evidence indicating defendant's guilt, coupled with County Court's immediate curative instruction

and sanction, we conclude that the People's violation of the *Sandoval* ruling constituted harmless error and defendant was not so unduly prejudiced as to be deprived of a fair trial (*see, People v Nusbaum*, 222 AD2d 723, 726, *lv denied* 87 NY2d 1023; *People v Davis*, 208 AD2d 1062, 1063, *lv denied* 84 NY2d 1010; *People v Maye*, 206 AD2d 755, 758, *lv denied* 84 NY2d 1035; *People v Jay*, 187 AD2d 454, 456, *lv denied* 81 NY2d 841).

Next, defendant's assertion that he was improperly sentenced as a second felony offender based on a Vermont conviction is unavailing. In determining whether defendant's conviction in Vermont for grand larceny (13 Vt Stat Annot § 2501) may form the basis for second felony offender adjudication, the elements of Vermont's statute must be examined to ascertain whether they are analogous to those of a New York felony (*see,* Penal Law § 70.06 [1] [b] [i]; *People v Muniz*, 74 NY2d 464, 467; *People v Jackson*, 211 AD2d 495, *lv denied* 85 NY2d 974). Vermont defines grand larceny as stealing "money, goods, chattels * * * [and the offender] shall be imprisoned not more than ten years or fined not more than $1,000.00, or both, if the money or other property stolen exceeds $500.00 in value" (13 Vt Stat Annot § 2501). New York's penal statute provides that the property value for grand larceny must exceed $1,000 in order to be classified as a felony offense (*see,* Penal Law § 155.30 [1]), but that certain goods, such as a motor vehicle exceeding $100 in value, will qualify for felony status (*see,* Penal Law § 155.30 [8]). Defendant's conviction in Vermont arose from the theft of an automobile in excess of $500, which is akin to the elements of New York's grand larceny in the fourth degree, a class E felony (*see,* Penal Law § 155.30 [8]); therefore, the conviction properly served as a predicate felony for sentencing purposes. Accordingly, County Court properly considered the specific statutory requirements (*see, People v Muniz, supra,* at 469) and correctly established that the Vermont offense constituted the requisite predicate felony resulting in defendant's second felony offender status (*see, People v Ross*, 140 AD2d 555; *see also,* Penal Law § 70.06 [1] [b] [i]).

Lastly, defendant's sentence was within the permissible statutory range, and as there is no indication that County Court abused its discretion in rendering the sentence of imprisonment, the sentence will not be disturbed (*see, People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.