■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PANZARINO, Appellant. [724 NYS2d 151] —Judgment, Supreme Court, New York County (John Bradley, J., at suppression hearing; Thomas Galligan, J., at jury trial and sentence), rendered November 30, 1994, convicting defendant of robbery in the first and second degrees, burglary in the second degree, tampering with a witness in the third degree and bail jumping in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 30½ years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The victim's description of her three assailants, including their estimated age, height, weight, attire and accouterments was sufficiently similar to the description, provided by a bystander, of three men hurriedly leaving the vicinity only moments after the robbery to warrant a belief that they were the same men, and any discrepancies were so minor as to not affect that conclusion (*see, People v Johnson*, 245 AD2d 112, *lv denied* 91 NY2d 1008). Under these circumstances, the possibility that the two witnesses observed two different trios was highly remote. Accordingly, the police had reasonable suspicion to stop and detain defendant when they saw him several days later, since he matched those descriptions and was driving a car which had the same license plate number and taped-over window as the one the bystander had seen the three men drive away in; when defendant admitted that he had been driving the car for the past six months, the police had probable cause to arrest him.

Defendant waived his right to demand production of a roll of tape tending to connect defendant with the crime, which physical evidence the police inadvertently destroyed one year after its vouchering as a result of mistakenly classifying it as investigatory evidence rather than arrest evidence. Defendant never availed himself of the opportunity to inspect it, and his own criminal act of bail jumping caused the time lapse which led to the destruction of the evidence in the usual course (*see, People v Allgood*, 70 NY2d 812; *People v Gonzalez*, 266 AD2d 30, *lv denied* 94 NY2d 920; *see also, People v Brimberry*, 237 AD2d 229). Therefore, his motion for a mistrial and preclusion of testimony about the tape was properly denied. In any event, although not required under these circumstances, the court gave an adverse inference charge to prevent any possible prejudice to defendant.

The two fleeting references to defendant's "record" and "parole" officer, one of which comments defense counsel invited through a line of cross-examination directed at a witness's ability to remember this case, and the other of which was inadvertently blurted out, were so vague and brief that they could not have prejudiced defendant. Accordingly, the court properly exercised its discretion in denying the drastic remedy of a mistrial, which was the only relief requested (*see*, *People v Young*, 48 NY2d 995, 996).

The court properly exercised its discretion in denying a mistrial motion based on the prosecutor's single-question attempt to circumvent the court's *Sandoval* ruling, to which the court sustained an immediate objection (*see*, *People v Terry*, 219 AD2d 529, *lv denied* 87 NY2d 851).

The court properly permitted the prosecutor to ask defendant about an uncharged act of witness tampering, since the prosecutor established a good faith basis for the question. Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.