■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK COLEY, Appellant. [822 NYS2d 503]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J., at hearing; Richard D. Carruthers, J., at jury trial and sentence), rendered January 28, 2002, convicting defendant of attempted assault in the first degree, criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing defendant, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress statements. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The hearing evidence establishes that defendant orally agreed to waive his *Miranda* rights, and we find no significance in the absence of a notation on the *Miranda* form affirmatively acknowledging that defendant agreed to answer questions (*see e.g. People v Robinson*, 287 AD2d 398 [2001], *lv denied* 98 NY2d 680 [2002]). Furthermore, there was no evidence that defendant ever asserted his right to remain silent. Instead, he simply refused to speak to a certain officer while agreeing to speak to a different officer (*see People v Felton*, 264 AD2d 632 [1999], *lv denied* 94 NY2d 822 [1999]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence included the police eyewitness's observations, as well as defendant's voluntary admissions. The People established beyond a reasonable doubt that defendant fired shots at close range at a group of men, and that he followed them, still firing, as they fled.

The court properly exercised its discretion when it denied defendant's request to preclude certain testimony, and instead gave an adverse inference instruction as a sanction for inadvertently destroyed *Rosario* material (*see People v Martinez*, 71 NY2d 937 [1988]). Moreover, a *Rosario* violation is not a permissible ground for reversal "in the absence of a showing by the defendant that there is a reasonable possibility that the nondisclosure materially contributed to the result of the trial or other proceeding" (CPL 240.75), and defendant has made no such showing here.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.