(November 18, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK A. MOSBY, Appellant. [911 NYS2d 493]—

Kavanagh, J. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered May 23, 2006, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), (2) by permission, from an order of said court, entered October 18, 2007, which denied defendant's motion pursuant to CPL article 440 to, among other things, vacate the judgment of conviction, and (3) by permission, from an order of said court, entered July 28, 2008, which, upon renewal, adhered to its prior order.

Defendant was charged by indictment with selling cocaine, fentanyl and/or oxycodone to police officers working in an undercover capacity on two separate occasions in August 2005. Following a jury trial, he was found guilty of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) and later sentenced, as a second felony offender, to an aggregate prison term of 10 years, plus three-year periods of postrelease supervision on each conviction as they relate to each drug transaction.

County Court subsequently denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate his judgment of conviction and sentence, as well as his motion to renew that application based on the discovery of new evidence. Defendant now appeals from his judgment of conviction and, by permission, from the denial of his CPL article 440 motion and his motion to renew.

In a prior opinion, this Court determined that the matter should be remitted to County Court to determine whether the prosecution failed to disclose certain *Rosario* material at trial, and, if so, whether a reasonable possibility existed that, had the jury heard this evidence or any part of it, it would have arrived at a different verdict (*People v Mosby*, 69 AD3d 1045 [2009]). Upon remittal and after a hearing, County Court determined that the material should have been disclosed but, even if it had been heard by the jury, it would not have resulted in a different verdict. We agree and affirm the judgment of conviction, as well as both orders denying defendant's CPL article 440 motion and motion to renew.

While the prosecution provided defendant with tape recordings and other materials generated by the drug sales charged in the indictment, it originally failed to disclose the existence of a tape recording of a conversation between defendant and an undercover police officer that took place prior to the transactions in question. This conversation set the stage for the undercover police officer's subsequent dealings with defendant, and the tape recording of it should have been disclosed to defendant prior to trial (*see* CPL 240.45 [1] [a]; *People v Rosario*, 9 NY2d 286, 290-291 [1961], *cert denied* 368 US 866 [1961]). However, we agree with County Court that, had this tape recording or any part of it been put into evidence at trial, it is highly unlikely, given its content, that the jury would have reached a different result (*see* CPL 240.75; *People v Baghai-Kermani*, 84 NY2d 525, 532 [1994]; *People v Coley*, 33 AD3d 383, 384 [2006], *lv denied* 8 NY3d 844 [2007]). The conversation clearly implicated defendant in ongoing drug activity, and nothing said during it was exculpatory or could have been used to support his proposed agency defense.

Next, we reject defendant's arguments that he was denied the effective assistance of counsel due to counsel's failure to request an agency charge with respect to counts three and four of the indictment and an expanded agency charge with respect to counts seven and eight of the indictment. To establish such a claim, "defendant must demonstrate that his attorney failed to provide meaningful representation" (*People v Caban*, 5 NY3d

143, 152 [2005]). While it is not necessary in making such a claim that defendant establishes that he was prejudiced by counsel's failures, such a showing is undoubtedly significant; however, "[o]ur focus is on the fairness of the proceedings as a whole" (*People v Stultz*, 2 NY3d 277, 284 [2004]; *see People v Caban*, 5 NY3d at 155-156; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Moreover, a defendant must "demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct," and counsel will not be found to have been ineffective simply as a result of a failure "to make a motion or argument that has little or no chance of success" (*People v Caban*, 5 NY3d at 152 [internal quotation marks and citations omitted]).

Defendant's claim of ineffective assistance is based in part on his contention that counsel did not do all that he should have in pursuing an agency defense at trial. A defendant cannot be convicted of the illegal sale of narcotics if, at the time of the transaction, it is established that he is acting "solely as the agent of the buyer" (*People v Lam Lek Chong*, 45 NY2d 64, 73 [1978], *cert denied* 439 US 935 [1978]; *accord People v Andujas*, 79 NY2d 113, 117 [1992]). Moreover, a more expansive explanation regarding the agency defense should be given if, at the time of the sale, defendant has acted "both as a buyer in his [or her] own right and as agent to buy for another" (*People v Andujas*, 79 NY2d at 118). Here, defendant's counsel did not request an expanded agency charge, but did request, as previously noted, the standard agency charge with respect to all but two counts of the indictment. Moreover, credible evidence was presented at trial that defendant initiated one of the sales and expected to receive a benefit—beyond an incidental benefit of drugs for himself—as a result of the other. In addition, no evidence was presented that defendant was acting as the undercover officer's agent when he purchased the drugs or that he had obtained them prior to selling them to the undercover officer for his own personal consumption. Under the circumstances, we cannot say that counsel did not have a reasonable basis for not requesting that County Court give the jury a more expansive explanation of the agency defense in its charge (*see People v Brimberry*, 237 AD2d 229 [1997]; *People v Job*, 217 AD2d 497, 498 [1995], *affd* 87 NY2d 956 [1996]; *see also People v Lam Lek Chong*, 45 NY2d at 75; *People v Sheppard*, 273 AD2d 498, 499 [2000], *lv denied* 95 NY2d 908 [2000]).

We also reject defendant's argument that counsel failed to effectively represent him when he did not obtain a copy of the original search warrant. Defendant argues that information in

the affidavit provided support for his claim that he only sold drugs to the undercover police officer because she promised to find him employment. However, the affidavit also implicated defendant in a drug sale for which he was never charged and, as such, can hardly be characterized as exculpatory and, more importantly, when read in its entirety, sets forth facts that are manifestly inconsistent with any agency defense (*see People v Lam Lek Chong*, 45 NY2d at 75-76; *People v Brown*, 52 AD3d 204, 205-206 [2008], *lv denied* 11 NY3d 786 [2008]).

Finally, defendant argues that counsel provided ineffective representation because he failed to recognize that defendant's out-of-state convictions did not constitute felonies in New York and that, as a result, he should not have been sentenced as a second felony offender. For sentencing purposes, "a prior out-of-[s]tate conviction is a predicate felony conviction in New York when the foreign conviction carries with it a sentence of imprisonment in excess of one year" and such a sentence is authorized for the same offense in New York (*People v Gonzalez*, 61 NY2d 586, 589 [1984]; *see* Penal Law § 70.06 [1] [b] [i]). In determining whether an out-of-state conviction qualifies as a felony in New York, the general rule is that "the language of the relevant statute[s] is determinative" (*People v Stinson*, 151 AD2d 842, 843 [1989]), and the underlying allegation as spelled out in the accusatory instrument "may ordinarily not be considered, because such instruments frequently contain nonessential recitals . . . [and] there can be no assurance that such allegations played any actual part in the foreign conviction" (*People v Muniz*, 74 NY2d 464, 468 [1989] [citations omitted]; *see Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 751 [2007]; *People v Gonzalez*, 61 NY2d at 589). However, a court may look to the underlying accusatory instrument if the conviction is based on a statute that "renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors" (*People v Gonzalez*, 61 NY2d at 590; *see People v Yancy*, 86 NY2d 239, 246-247 [1995]; *People v Muniz*, 74 NY2d at 468). Moreover, this exception applies where, as here, the foreign statute "define[s] the offense by means of two separate and unrelated acts" (*People v Gonzalez*, 61 NY2d at 591; *see People ex rel. Gold v Jackson*, 5 NY2d 243, 245-246 [1959]; *People v Adams*, 164 AD2d 546, 554-556 [1991], *lv denied* 77 NY2d 957 [1991]; *cf. People v Olah*, 300 NY 96, 98-100 [1949]; *see also People v Stinson*, 151 AD2d at 843). In other words, if "the recitals in the accusatory instrument that describe the particular act or acts underlying the charge are necessary to . . . isolate and identify the statutory crime of

which the defendant was accused[,] . . . [they] are not merely surplusage, and they may properly be considered in determining whether Penal Law § 70.06 (1) (b) (i) has been satisfied" (*People v Muniz*, 74 NY2d at 468).

Defendant's status as a second felony offender is predicated on his 1999 forgery conviction in Virginia.* The Virginia statute criminalizes the forgery of any writing to the prejudice of another, or knowingly uttering a forged writing or knowingly attempting to employ a forged writing as true (*see* Va Code Ann § 18.2-172). It also criminalizes obtaining "by any false pretense or token, the signature of another person, to any such writing, with intent to defraud any other person" (Va Code Ann § 18.2-172). The parties are in agreement that this conduct is punishable in Virginia as either a felony or a misdemeanor, and obtaining a signature by false pretense is a separate act that constitutes a crime under the Virginia statute. However, obtaining a signature by false pretenses would not qualify as a felony in New York unless it was accompanied by acts committed by defendant that would constitute the making, altering or completion of such a writing (*see People v Seavey*, 305 AD2d 937, 938 [2003], *lv denied* 100 NY2d 620 [2003]; Penal Law art 170; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 170.00).

Therefore, it is necessary to consider the content of the accusatory instrument submitted in connection with defendant's 1999 Virginia conviction to determine if it constitutes a prior felony for sentencing purposes in New York (*see* Penal Law § 70.06 [1] [b] [i]; *People ex rel. Gold v Jackson*, 5 NY2d at 245-246; *People v Adams*, 164 AD2d at 555-556; *see also People v Gonzalez*, 61 NY2d at 591; *People v Coager*, 266 AD2d 645, 647 [1999], *lv denied* 94 NY2d 917 [2000]; *cf. People v Muniz*, 74 NY2d at 470-471; *People v Stinson*, 151 AD2d at 843). That

---

* Although the District Attorney submitted a predicate felony offender statement listing seven prior Georgia and Virginia felony convictions, the People now concede that defendant's convictions for felony revocation and felony failure to appear do not constitute predicate felonies in New York (*see* Penal Law § 70.06 [1] [b]). While the remaining convictions for forgery were obtained under statutes defining crimes that may constitute New York felonies (*see* Ga Code Ann § 16-9-1; Va Code Ann § 18.2-172), the District Attorney provided an accusatory instrument for only the 1999 Virginia forgery conviction. Therefore, that accusatory instrument is necessarily the only one that we may consider in determining whether any of defendant's out-of-state convictions would constitute a felony if committed in New York, notwithstanding counsel's admission at sentencing that defendant's criminal history included "forged checks" (*see People ex rel. Goldman v Denno*, 9 NY2d 138, 141-143 [1961]; *People v Bates*, 299 AD2d 727, 729 [2002], *lv denied* 99 NY2d 626 [2003]; *see also People v Gonzalez*, 61 NY2d at 591).

instrument specifically alleges that defendant "forge[d], with intent to defraud a check" and, as such, spells out criminal acts which, taken together, are the equivalent of forgery in the second degree—a class D felony in New York (*see* Penal Law § 170.10 [1] [criminalizing the making, completion or altering of a written instrument that may affect "a legal right, interest, obligation or status"]; *see also People v Gause*, 2 AD3d 1449, 1450 [2003] [holding that the element that renders forgery a felony is the requirement that the writing affect a legal right]). As a result, defendant's conviction for forgery in Virginia qualified as a prior felony for sentencing purposes in New York, and County Court properly denied his CPL 440.20 motion to vacate the sentence (*see People v Coager*, 266 AD2d at 647; *People v Adams*, 164 AD2d at 556; *cf. People v Stinson*, 151 AD2d at 843-844).

Defendant's arguments, made in connection with his CPL 440.10 motion, regarding ineffective assistance of counsel on this issue are also unavailing; indeed, even if we were to find that counsel erred in failing to challenge the predicate felony offender statement, that error, in our view, did not rise to the level of ineffective assistance of counsel under the circumstances of this case (*see People v Bates*, 299 AD2d at 730; *cf. People v Garcia*, 19 AD3d 17, 18 [2005]; *People v Perron*, 287 AD2d 808, 808-809 [2001], *lv denied* 97 NY2d 686 [2001]).

Defendant's remaining contentions regarding ineffective assistance of counsel and his argument, made on his CPL 440.10 motion, that he was denied a public trial have been considered and found to be lacking in merit.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment and orders are affirmed.