People v Hickman (2020 NY Slip Op 03718)





People v Hickman


2020 NY Slip Op 03718


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


3659/14 11729A 11729

[*1] The People of the State of New York, Respondent,
v
Shavar Hickman, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; A. Kirke Bartley, Jr., J. at plea and sentencing), rendered September 8, 2015, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life; and order, same court (Stephen M. Antignani, J.), entered on or about May 1, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. The testimony elicited at the hearing was that while on patrol, officers received a radio run of shots fired. The suspects were described as two black males, one of whom was wearing a red t-shirt, on bicycles, going northbound on Lenox Avenue. Approximately three blocks north of the location of the shooting and minutes later, the officers observed defendant, who matched the description of one of the suspects, in that he was a black male, wearing a red t-shirt and was riding a bicycle. Defendant was the only individual in the immediate area who matched the description. Given the very close spatial and temporal proximity between the alleged shooting and the encounter with defendant, the police had reasonable suspicion to stop defendant and pat him down (see People v Ward, 161 AD3d 520 [1st Dept 2018], lv denied 32 NY3d 942 [2018]; People v Petteway, 11 AD3d 318, 318 [1st Dept 2004], lv denied 4 NY3d 747 [2004]). Any discrepancy as to his attire "[was] minor and did not detract from the specificity of the [radio run] and the congruity between the officers' observations and [the] description" (People v Johnson, 245 AD2d 112, 112 [1st Dept 1997], lv denied 91 NY2d 1008 [1998]; People v Panzarino, 282 AD2d 292, 292 [1st Dept 2001]; lv denied 96 NY2d 922 [2001]).
The motion court properly denied defendant's CPL 440.10 motion. Defendant failed to show that he received ineffective
assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant faults trial counsel for not using certain police records at the suppression hearing that would have allegedly undermined a finding of reasonable suspicion by, among other things, showing an age discrepancy between defendant and the described suspects. However, counsel provided an explanation of his strategic decision not to use this evidence. We find counsel's hearing strategy to be reasonable and one that neither adversely affected the outcome of the proceedings or rendered them unfair (see People v Benevento, 91 NY2d at 713-714; Strickland v Washington, 466 US at 668). Defendant has also failed to establish any prejudice given the lack of a [*2]reasonable possibility that the suppression ruling would have been different if counsel had introduced the evidence or made the arguments that were at issue in the CPL 440.10 motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK