People v Karim (2020 NY Slip Op 03871)





People v Karim


2020 NY Slip Op 03871


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11804 4917/15

[*1] The People of the State of New York Respondent,
v
Isa Abdul Karim, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 27, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2½ years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion for a mistrial, the only remedy requested, because there were "less drastic means of alleviating whatever prejudice may have resulted" (People v Young, 48 NY2d 995, 996 [1980]). Although the jury could have reasonably inferred from a prosecution witness's unsolicited passing remark that defendant had been arrested for an unrelated crime while awaiting trial on the present case, a curative instruction would have alleviated any prejudice (see People v Santiago, 52 NY2d 865, 866 [1981]). However, defense counsel did not accept the court's offer to give such an instruction (see e.g. People v Melendez, 50 AD3d 485, 485 [1st Dept 2008], lv denied 10 NY3d 961 [2008]), and defendant therefore should not be heard to complain on appeal about the lack of any curative actions by the court. In any event, any error in this regard was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK