People v Garner (2021 NY Slip Op 04192)





People v Garner


2021 NY Slip Op 04192


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Ind No. 2618/15 Appeal No. 14149 Case No. 2019-4932 

[*1]The People of the State of New York, Respondent,
v
Joseph Garner, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at suppression hearing; Gilbert C. Hong, J. at jury trial and sentencing), rendered January 19, 2018, convicting defendant of attempted assault in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously affirmed.
The court providently exercised its discretion in denying an adjournment of the suppression hearing. Although the court had just granted defendant's request to represent himself, the record shows that defendant had all the discovery material related to the case at least seven months before the hearing, and defendant's claim to the contrary is unsupported by the record. Accordingly, the denial of an adjournment was not unreasonable (see People v Rodriguez, 158 AD3d 143, 154 [1st Dept 2018], lv denied 31 NY3d 1017 [2018]).
In any event, the denial of an adjournment did not prejudice defendant (see People v Brown, 90 AD3d 545, 546 [1st Dept 2011], lv denied 18 NY3d 922 [2012]). There is no reason to believe that, if given more time to prepare and conduct legal research, defendant could have made any arguments that would have changed the outcome of the hearing. In particular, the hearing record establishes that the police had reasonable suspicion justifying pursuit (see e.g. People v Hickman, 185 AD3d 407, 408 [1st Dept 2020], lv denied 35 NY3d 1094 [2020).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021