People v Lopez (2022 NY Slip Op 05713)

People v Lopez

2022 NY Slip Op 05713

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2018-13739
 (Ind. No. 663/17)

[*1]The People of the State of New York, respondent,
v
Ishmael Lopez, appellant.

Patricia Pazner, New York, NY (Olivia Gee of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered November 7, 2018, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the loss of video surveillance footage introduced at trial does not preclude effective appellate review of his conviction (see People v Yavru-Sakuk, 98 NY2d 56, 59). The missing surveillance video is not necessary to the review of the legal sufficiency of the evidence presented at trial (see id. at 61; People v Strollo, 191 NY 42, 66). Further, to the extent that the missing evidence is of substantial importance to the remaining issues raised on appeal, reversal is not warranted as the record adequately reflects the relevant information, and its accuracy is not disputed (see People v Jackson, 98 NY2d 555, 560; People v Skinner, 298 AD2d 625).
The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial when the victim briefly testified on cross-examination that he had previously identified the defendant at a hearing and referenced the presence of a parole officer at that hearing (see People v Ortiz, 54 NY2d 288, 292; People v Brown, 76 AD3d 532; People v Panzarino, 282 AD2d 292, 293; People v Banks, 130 AD2d 498, 499). Moreover, as the defendant declined the court's offer to give a curative instruction (see People v Morales, 301 AD2d 368), he should not be heard to complain on appeal about the lack of any curative actions taken by the court (see People v Karim, 185 AD3d 464).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the [*2]weight of the evidence (see People v Romero, 7 NY3d 633).
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court